GASTON *against* PLUM and others.

In order to sustain a suit in chancery, it is necessary that the plaintiff should have an interest in the subject of that suit, or a right to the thing sought.

Therefore, where *A,* being the owner of a tract of land supposed to contain minerals, on the 21st of *January,* 1839, by a written instrument, granted liberty to *B,* to dig or mine on such land, and to carry away any mineral which he might dig thereon, within one year; and *B,* on the 11th of *May,* 1839, by a writing signed by him, on the back of such instrument, assigned to *C,* all his interest, right and privilege in the land therein mentioned, with the appurtenances, and all benefit and advantage derivable from such instrument; after which, *B* brought a bill in chancery against *A* and others, for a specific performance of the agreement; it was held, 1. that the agreement was not of a fiduciary character or in the nature of a personal confidence, so as to be incapable of assignment; nor 2. was the interest of *B* of that uncertain and contingent description, that it could not, on that account, be transferred; and consequently, that *B,* having parted with all his interest in the subject of the bill, it ought, for that reason, to be dismissed.

THIS was a bill in chancery for the specific performance of an agreement.

The subject of the agreement was a tract of land in

*Cheshire*, called " the *Dick* farm," owned by *Rufus Plum*, one of the defendants, containing about 40 acres, having a vein of *barytes* running through it, which, at the date of the agreement, had not been opened, or its value ascertained.

*Plum*, being desirous of having the experiment made, whether, by mining, valuable minerals might be found on the land, to induce the plaintiff to undertake the labour and expense of so doing, on the 21st of *January*, 1839, signed and delivered to the plaintiff the following written instrument : " This certifies, that I hereby give, grant and bargain with *N. H. Gaston* of *New-Haven* to give him full power and liberty to dig or mine on my land in *Cheshire*, called " the *Dick* farm ;" also to transport and carry away any stone or mineral which he may dig, or cause to be dug, on my land, within one year from the 1st day of *May* next ; provided he shall fill up the hole, or level the ground again, at the expiration of the time, or pay a fair value for the damage of the land ; also, that I will give him the preference, at the expiration of the time, in making a new contract for digging the same. [Signed] *Rufus Plum*." At the time of the execution and delivery of this instrument, no consideration in money was paid, by *Gaston* to *Plum ;* nor did *Gaston* bind himself, or enter into any agreement with *Plum*, to enter on the land or dig thereon, or carry away any stone or mineral therefrom, unless the instrument imports on its face an obligation so to do ; yet the right or privilege which *Gaston* acquired by virtue of the instrument, especially that clause which gave him the preference in making a new contract, was of great value to him. On the 11th of *May*, 1839, *Gaston*, by a writing made and signed by him on the back of said instrument, assigned to a company of persons associated by the name of *The Mineral and Manufacturing Company*, all his interest under said instrument ; which assignment was in the following words : " In consideration of one dollar and other valuable considerations, received to my full satisfaction of *The Mineral and Manufacturing Company*, I hereby grant, assign and set over unto the said *Mineral and Manufacturing Company* the within written instrument, and all my interest, right and privilege in the land therein mentioned, with the appurtenances; and all benefit and advantage, which may be derived from the within instrument : *To have and to hold* the same unto the said *Min*-

*eral* and *Manufacturing Company,* their successors and as-signs, subject to the conditions and provisions of the within instrument. Dated at *New-Haven,* the 11th day of *May,* 1839. [Signed] *Nelson H. Gaston.*"

Under this assignment said company have ever since held all *Gaston's* interest acquired by the first-mentioned instrument. [The remaining facts in the case, it is not necessary, for the present purpose, to state.]

The case was reserved for the advice of this court as to what decree ought to be passed.

*Baldwin* and *Bristol,* for the plaintiff, contended, 1. That the suit was properly brought by *Gaston.* In the first place, he had no such interest as was capable of assignment, as it had not been ascertained that the land contained any mineral of value. Secondly, the contract looked to the exercise of *Gaston's* personal skill; and therefore, he could not assign it. Thirdly, it does not appear that *Plum* had notice of the assignment; nor was there any privity between the assignees and him. *Calv. Part.* 241, 2. *Holden* v. *Hayn* & al. 1 *Meriv.* 49. *Bishop* & al. v. *Holcomb,* 10 *Conn. Rep.* 444. —— v. *Wallford,* 4 *Russell* 372.

2. That it was not necessary to make the assignees a party. [Other points omitted.]

*R. I. Ingersoll* and *Kimberly,* for the defendants, contended, 1. That the parties to this bill were not the right ones. In the first place, the party plaintiff has no interest in the subject of the bill, having parted with it, by assignment, to the *Mineral and Manufacturing Company.* He had originally such an interest as would pass by assignment—*viz.* a vested interest, and not a mere expectation or possibility. *Roe* d. *Perry* v. *Jones* & al. 1 *H. Bla.* 30. Duke of *Chandos* v. *Talbot,* 2 *P. Wms.* 608. *Jones* v. *Roe,* 3 *Term Rep.* 93. This interest he assigned *absolutely.* The language of the assignment is as broad as it could be made—" all benefit and advantage," &c. This was not a *personal trust* which could not be assigned. *Gaston* is not trustee of the assignees. He has not that *legal* title, which a court of equity will take notice of. *Sto. Eq. s.* 153. 154. *Trecothick* v. *Austin,* 4 *Mason* 16. 41 to 44. The doctrine laid down by Judge *Story,* as the result

of all the authorities, is, that if the assignor has any right remaining, he may be a party; but if he has parted with *all his interest*, he cannot sustain a bill. Secondly, there is nothing in the finding to take this assignment out of the general rule. The finding does not shew, that the assignment was made without notice to *Plum*. On the contrary, there is sufficient in the finding to shew notice. Thirdly, the *Mineral and Manufacturing Company* must be made a party; they having *all* the interest.

*New-Haven,* July, 1841.

Gaston *v.* Plum.

STORRS, J. In chancery, it is necessary that the plaintiff, in order to sustain a suit, should have an interest in the subject of the suit, or a right to the thing demanded. *Coop. Eq. Pl.* 166. 7 *Conn. Rep.* 342.

In the present case, it is found by the court, that, before the bringing of the bill, the plaintiff had granted and assigned to the *Mineral and Manufacturing Company* all his interest, right and privilege, in the land which is the subject of the contract, of which he seeks a specific performance, and all benefit and advantage which might be derived from that contract; and from the assignment, (which is recited) it appears, that it does not even contain any covenant of warranty, or of any other description, on the part of the plaintiff. There is, therefore, such an entire destitution of interest, on his part, in the subject of this suit, that, to a bill founded on the contract set up in this case, brought by the assignee, who would be the proper plaintiff, it would not be necessary to make the present plaintiff a party; and indeed, we see no objection to his being a witness in the cause.

The plaintiff endeavours to obviate this difficulty, on the ground, 1. that the contract is fiduciary and personal in its character; and 2. that the interest of the plaintiff in it is contingent and a mere possibility; and therefore, that it is incapable of assignment.

We do not think, however, that the contract is of a fiduciary character, or in the nature of a personal confidence; there is nothing in it which makes it necessary that it should be performed personally, by the plaintiff, or requires his peculiar skill, science or judgment; nor, in our opinion, is it of that uncertain and contingent description that it cannot, on

*New-Haven,*
*July, 1841.*

*Gaston*
*v.*
*Plum.*

that account, be transferred : if it were, it is not such an interest as courts of equity would regard.   They will protect it, if at all, in behalf of the real owner.

The plaintiff has referred us to ———— v. *Wallford,* 4 *Russell* 372.   In that case, *Wallford,* for a valuable consideration, agreed to surrender a copyhold to *Curtis,* who, on borrowing money from *Wright,* agreed with him, that he, *Curtis,* would surrender the same copyhold to *Wright,* by way of mortgage security, of which last agreement *Wright* gave notice to *Wallford.*   The court held, that in a bill brought by *Curtis,* to compel *Wallford* to surrender to him, *Wright* need not be made a party.   We do not see the bearing of that, upon the present case.   There was no assignment or transfer by *Curtis* of any interest to *Wright,* but only an executory agreement between them ; and in order to enable *Curtis* to fulfill it on his part, it was necessary that *Wallford* should first fulfill his prior agreement with *Curtis.*   And the court entertained a bill on behalf of *Curtis* to compel *Wallford* to do so.   Although it would tend to promote the execution of the agreement between *Curtis* and *Wright,* the latter had no such interest in the agreement between *Curtis* and *Wallford* as required him to be made a party in a suit brought by *Curtis* to enforce it.

The plaintiff having no interest in the subject of the bill, it ought, for that reason, to be dismissed.

We refrain from expressing an opinion on the merits of the case.   It would be improper to do so, in the absence of the assignee, who is the real party interested, and who has, therefore, a right to be heard.

In this opinion the other Judges concurred.

Bill dismissed.