Sutton *v.* Mansfield.

HENRY SUTTON *vs.* CATHERINE B. MANSFIELD AND OTHERS,
ADMINISTRATORS.

A submission to arbitration had been made by one of the parties as "*H. S.*
agent for the owners of the schooner *J. B.*" An award was made in favor of
the other party, and a bill in equity to set it aside was brought by *H. S.* "as
agent for the owners of the schooner *J. B.*" Held that the suit should have
been brought by and in the name of the owners of the vessel, and not in the
name of the agent.

And held not to affect the case that the submission was under seal.

At law where a person contracts as agent without disclosing his principal, he
may sue upon the contract in his own name, although the principal also has
the right to sue upon it if he elects.

But in equity, as a rule, the real party in interest must bring the suit.

Where an agent describes himself as agent for the owners of a certain vessel, it
is a sufficient designation of his principals to take the case out of the rule as
to undisclosed principals.

BILL IN EQUITY to set aside an award; brought to the Supe-
rior Court. Special demurrer, and bill dismissed, (*Beardsley,
J.*) Motion in error by the petitioner. The case is fully
stated in the opinion.

*C. H. Fowler,* for the plaintiff in error.

*C. S. Hamilton* and *B. Mansfield,* for the defendants in
error.

GRANGER, J. This is a petition in chancery to set aside an
award. The submission upon which the award was made
states that various disagreements existed "between the
owners of the vessel James Boyce, Henry Sutton, agent, of
the one part, Warren O. Nettleton of the second part, and
Samuel M. Tuttle of the third part, growing out of the con-
tract for building said vessel and furnishing material for the
same, in which contract said Nettleton agreed to build said
vessel and said Tuttle became bondsman for the completion
of said contract according to the terms thereof;" and the
submission is signed by "Henry Sutton, agent," as well as by
Nettleton and Tuttle, and is under seal. The arbitrators
made an award in favor of Nettleton and Tuttle, and the

present petition is brought to set this award aside on certain grounds which it is not important to state. The petition is brought by and in the name of "Henry Sutton, agent of the owners of the schooner James Boyce." It is not stated who the owners are. The respondents to the petition are Catherine B. Mansfield, Austin Mansfield and Burton Mansfield, as administrators of the estate of Jesse M. Mansfield, to whom Nettleton and Tuttle assigned all their interest in the award and who had since died.

The respondents appeared and filed a special demurrer to the petition, assigning, among other causes of demurrer, that the petition was brought solely in the name of Sutton as agent for the owners of the schooner and that it should have been brought by the owners themselves. This cause of demurrer the court sustained, and the counsel for the petitioner declining to amend the petition by making them parties, the court dismissed the bill. The petitioner has brought the record before this court by a motion in error.

There is very clearly no error in the judgment of the court. Nothing can be clearer than that, on a bill in equity, the real parties in interest must, as a rule, bring the suit. The present petitioner comes in simply as an agent of other parties, and it was simply as such agent that he signed the submission. He does not pretend to have now, or to have had when the submission was made, any real interest. It does not affect the case in a court of equity that the submission is under seal.

The case differs from that of a person contracting as agent without disclosing his principal. It has been held in such cases that the agent, who is really the person with whom the contract is made, may sue upon the contract in his own name, although the principal may sue upon it if he elects. Story on Agency, § 396; *Sims* v. *Bond*, 5 Barn. & Adol., 393; *Colburn* v. *Phillips*, 13 Gray, 69. And this court has applied the same rule to a case where a man doing business under the name of agent had furnished materials for a building and filed a lien for the same as agent, no principal being named or referred to. The court held that he could maintain a peti-

tion for the foreclosure of his lien in the same name.  *Hooker v. McGlone*, 42 Conn., 95.  But in the present case the petitioner did not in the submission, and does not now, describe himself merely as agent, but in both cases as "agent for the owners of the schooner James Boyce," a statement not merely of the fact that he had principals, but of who the principals were, the designation of them by that description·being but little short of a designation of them by name.  It is enough in such cases that the principals be so referred to that they may be readily ascertained.  Such a designation of them makes it clear that the agent intends to bind them and not himself, and takes the case wholly out of the rule with regard to an undisclosed principal.

It is very clear that the petition should have been brought by the owners of the vessel, the sole parties in interest on the petitioner's side, and that there is no error in the judgment complained of.

In this opinion the other judges concurred.