OCTAVE TARDIEU *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 21st—decided April 6th, 1931.

*John M. Chapnick,* with whom was *M. Edward Klebanoff,* for the appellant (plaintiff).

*Charles A. Watrous* and *R. Blake Russell,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff claimed to have proved that he attempted to board a trolley car of

the defendant company and as he placed his foot on the step of the car and reached for the handhold to assist him in stepping up, the door was suddenly closed in his face and the car started; that, holding on by the handles, he was carried along for some distance on the step, as the speed of the car increased; that he then lost his balance, his legs and feet were thrown to the pavement and he was dragged a considerable distance in this way; that the upper portion of the door was glass, the lower wooden; and that while the plaintiff stood upon the steps, the motorman could have seen him there. The appellant assigns as error the failure of the trial court to charge the jury as to supervening negligence, claiming that the motorman ought to have seen the plaintiff in a position of danger upon the step of the car and, by stopping it or otherwise, have enabled him to escape injury. There are two reasons why the trial court was justified in omitting from its charge any reference to this doctrine. While it is true that a plaintiff need not refer to it as such in his complaint, its allegations must fairly include the negligent acts or omissions with which the defendant is to be charged, whether they are made the basis of recovery by reason of his negligence in the first instance or of his supervening negligence; and in the instant case the sole negligence charged in the complaint is the sudden starting of the car whereby the plaintiff was violently thrown to the ground and dragged along. Moreover, to make the doctrine applicable at all in this case, it would be necessary to prove that, after the plaintiff had come into a position of peril, the motorman then or thereafter became or ought to have become aware of it and also that the plaintiff either reasonably could not or apparently would not avail himself of opportunities of escape open to him. As

soon as the door closed and the car started, the paramount duty of the motorman was to look ahead and, unless in some way his attention was called to the situation, as upon the finding does not appear to have been the case, he was under no obligation to look to see if anyone was in the unlikely position of standing upon the step outside the closed door as the car proceeded upon its course. It does not therefore appear that the motorman ought to have seen the plaintiff and have become aware that he was in a position of danger before he slipped from the step; and certainly after he slipped so that he was being dragged along the ground, it is hardly possible that the motorman could have seen him. Again, as there is nothing to indicate how long he stood on the step before slipping from it, there would be no basis for a conclusion that the motorman should have perceived that he could or would not escape by stepping from the car before it gathered sufficient speed to make that an unreasonable course to adopt. The passage from the charge which is assigned as error was a reasonable comment upon the state of the evidence before the court.

There is no error.

In this opinion the other judges concurred.