Manuel Yanez, Administrator (Estate of Angelina Yanez) *vs.* Sylvester F. DeRosa.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 1st—decided June 5th, 1934.

472

*Bernard Pellegrino* and *Alfred A. Toscano,* for the appellant (plaintiff).

*Lawrence A. Howard* and *Cyril Coleman,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff brought this action to recover damages for the death of his intestate alleged to have been due to the negligence of the defendant, a physician, in diagnosing and treating an illness from which the deceased was suffering.  The jury returned a verdict for the defendant and the appellant claims error in the charge as given and in the failure of the trial court to give certain requests to charge.  The plaintiff alleged that his intestate was at all times in the exercise of due care and the defendant denied this allegation, and did not affirmatively plead that she was guilty of contributory negligence.  The trial court charged the jury, following the pleadings, that the burden of proof as to due care on the part of the deceased rested upon the plaintiff.  In a case such as this the statute now provides that there is a presumption that the deceased was in the exercise of due care and that the burden is placed upon the defendant to allege and prove contributory negligence.  General Statutes, Cum. Sup. 1933, § 1149b.  But the plaintiff in this case voluntarily assumed the affirmative upon that issue and is not now in a position to claim error

because the trial court charged the jury accordingly. *Rix* v. *Stone*, 115 Conn. 658, 664, 163 Atl. 258; *Ryan* v. *Scanlon*, 117 Conn. 428, 434, 168 Atl. 17.

Whether this rule would in itself justify a trial court in failing to regard the presumption established by the statute we have no need to inquire. We search the record in vain to find any suggestion that the deceased was guilty of contributory negligence and the trial court charged the jury in connection with its discussion of this issue as follows: "It is only fair to say, as I recall the testimony, there is no particular evidence that she [the deceased] failed to follow the instructions of the doctor or carry out his treatment after he was called. . . . I merely call your attention to the fact. I don't remember any particular evidence about that." The matters mentioned in the charge are the only respects in which it would appear that the deceased could in any event be charged with negligence. The trial court no doubt would have been justified in charging the jury that, upon the evidence, there was no reasonable basis in law for holding the deceased guilty of contributory negligence. But we have recently held that ordinarily the submission of this issue to the jury when the trial court might properly have charged upon it as matter of law will not be deemed harmful error. *Kilday* v. *Voltz*, 117 Conn. 171, 173, 166 Atl. 754. In the situation presented by this case, we cannot believe that any harm could have resulted to the defendant from the charge of the trial court.

The requests to charge, of failure to give which complaint is made, so far as correct in law and applicable to the issues in this case, were repetitious to a considerable degree and would have been calculated, if literally adopted, to create in the minds of the jury an impression perhaps unduly favorable to the plaintiff. The charge as given was correct and adequate for the guid-

ance of the jury, and we cannot find error in the failure of the trial court to comply with the requests.

There is no error.

In this opinion the other judges concurred.