HARRIET H. HATCH, ADMINISTRATRIX (ESTATE OF HERBERT B. HATCH) *vs.* RALPH R. MERIGOLD.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued December 5th, 1934—decided January 3d, 1935.

*Harry M. French,* with whom, on the brief, were *William C. Connelly* and *Douglas B. Johnson,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff's decedent was killed in an automobile accident and the plaintiff brought this action alleging that his death was due to the negligence of the defendant.  She pleaded that her intestate was in the exercise of due care, the defendant denied the paragraph of the complaint in which this is alleged, but did not affirmatively plead the decedent's contributory negligence.  The trial court in its charge instructed the jury that the burden of proof was upon the plaintiff and made no mention of the statute which provides as follows: "In any action to recover damages for negligently causing the death of a person, or for negligently causing injury to a person, if the person who sustained the injury shall die prior to the trial of such action, it shall be presumed that such person was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care.  If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant, and the burden of proving such contributory negligence shall rest upon the defendant.  The provisions of this section shall not apply when the person or persons charged with the negligence shall die as a result of said act or acts."  General Statutes, Cum. Sup. 1933, § 1149b.  The plaintiff, appealing from a judgment upon a verdict for the defendant, admits that, upon the pleadings, the trial court might properly charge that the plaintiff, having alleged her decedent's freedom from contributory negligence, had the burden of proof upon that issue; *Rix* v. *Stone,* 115 Conn. 658, 664, 163 Atl. 258; *Ryan* v. *Scanlon,* 117 Conn. 428, 434, 168 Atl. 17; *Yanez* v. *DeRosa,* 118 Conn. 471, 472, 172 Atl. 926; but she assigns error in

the failure of the trial court to instruct the jury as to the presumption of due care created by the statute.

In addition to the cases cited, we have considered the statute in *Breed* v. *Philgas Co.*, 118 Conn. 128, 171 Atl. 14, *LeCount* v. *Farrand*, 118 Conn. 210, 212, 171 Atl. 623, and *Toletti* v. *Bidizcki*, 118 Conn. 531, 173 Atl. 223. These decisions establish that the effect of the statute, where in accordance with its terms an affirmative answer alleging contributory negligence is filed, is to place the burden of proof upon this issue upon the defendant. In the *Toletti* case the trial court charged that the burden of proving that the plaintiff's decedent was not in the exercise of due care was upon the defendant and since he had offered no evidence as to the conduct of the decedent, the jury must assume that he exercised due care, and this charge we approved. We said of the statute (p. 537): "It makes no change in the substantive law that the plaintiff in a negligence action cannot recover if it appears that his own negligence materially contributed to produce his injuries. The absence of contributory negligence still remains one of the essential factors in the case. The statute raises a presumption of due care in favor of the plaintiff and shifts the burden of proof, putting upon the defendant the duty of producing evidence of contributory negligence if that is relied on as a defense, but, when the evidence is all in, if it appears that the plaintiff's negligence contributed to his injuries he cannot recover." We were there speaking of the substance of the plaintiff's cause of action, not of the burden of proof. If, on the whole case, it is proved that the plaintiff's decedent is guilty of contributory negligence he cannot recover. Where the statutory requirement as to pleading is followed, he is under no obligation to offer evidence as to his decedent's freedom from contributory negligence; if,

as was stated in the charge we approved, no evidence is offered by either party upon that issue, or if the defendant offers evidence but upon the whole case he falls short of proving the decedent's contributory negligence by a fair preponderance of the evidence, the plaintiff's decedent will, by force of the statute, be held free of contributory negligence. Want of contributory negligence is still an element in the case, but the statute affords to him a substitute for proof of it by evidence. The statute is effective unless, if the defendant does offer evidence as to the negligence of the decedent, upon the whole evidence he proves such negligence.

In the *Yanez* case we expressly reserved the question whether, where the plaintiff by pleading want of contributory negligence has assumed the burden of proof, he may still claim the benefit of the presumption established by the statute. In *O'Dea* v. *Amodeo*, 118 Conn. 58, 64, 170 Atl. 486, we pointed out that the effect of the statute was definitely to place upon the defendant the burden, not merely of producing evidence of the plaintiff's contributory negligence but of satisfying the trier that it existed. The reasons for the adoption of the statute appear in the dissenting opinion of WHEELER, C. J., in *Kotler* v. *Lalley*, 112 Conn. 86, 100, 151 Atl. 433. The person who has been killed in an automobile accident cannot, of course, give testimony as to the circumstances leading up to it. But the driver who has killed him, if he survives, can. The facts of the accident, in the absence of other eyewitnesses, are peculiarly within the latter's knowledge and power to bring before the court. Apart from the provision of the statute expressly placing the burden of proof upon the defendant, the presumption it establishes would of itself have the effect of requiring the defendant to satisfy the trier that the plaintiff's de-

cedent was guilty of contributory negligence. *O'Dea* v. *Amodeo, supra,* p. 63.

Where the plaintiff has pleaded his want of contributory negligence, to permit him still to avail himself of the presumption would produce the incongruous result that, by his pleading, he has assumed the burden of proof upon that issue, but by claiming the benefit of the presumption, he can place that burden again upon the defendant. He cannot thus assume two inconsistent positions. The provisions of the statute are not severable, but all its terms are intended to carry out one purpose, to place the duty of pleading and proving contributory negligence upon the defendant. One cannot waive a public obligation created by statute; *L'Heureux* v. *Hurley,* 117 Conn. 347, 356, 168 Atl. 8; but he may waive a statutory requirement the purpose of which is to confer a private right or benefit. *Andrews* v. *Olaff,* 99 Conn. 530, 537, 122 Atl. 108; and see *Lawrence* v. *Cannavan,* 76 Conn. 303, 307, 56 Atl. 556; *Wood* v. *Connecticut Savings Bank,* 87 Conn. 341, 347, 87 Atl. 983; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 Atl. 844. By affirmatively pleading her decedent's lack of contributory negligence, the plaintiff waived her right to claim the benefit of the statute. The plaintiff in this case having done this, the trial court was not in error in failing to instruct the jury that under the statute there was still a presumption that her decedent had been in the exercise of reasonable care.

There is no error.

In this opinion the other judges concurred.