HARMON S. BOYD, ADMINISTRATOR (ESTATE OF GEORGE R. FREEMAN) *v.* FRANK H. GEARY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 4—decided February 7, 1940.

*David M. Reilly,* for the appellants (defendants).

*Vincent A. Miller,* for the appellee (plaintiff).

HINMAN, J. On January 21, 1939, while the named defendant's oil truck was proceeding northerly down a hill in Seymour it suddenly turned to its left across the road, continued on that side partly on and partly off the road and was in collision with a truck, operated by George Freeman, which was traveling southerly on its own right-hand side. As a result of the collision Freeman sustained injuries from which he died on January 31st following. This action was commenced in Freeman's name on January 24th, but after his death the present plaintiff was substituted and an

amended complaint was filed which included not only allegations of negligence on the part of the named defendant and his driver but also one that "the plaintiff's decedent was in the exercise of due care at all times." The answer was a general denial, only. On the trial, before the taking of evidence began, the trial court directed attention of counsel to the above-quoted allegation of the complaint and the omission of the defendant to affirmatively plead contributory negligence as prescribed by the statute (then § 1654c, General Statutes, Cum. Sup. 1935). This provides that in such an action when the injured party has died prior to the trial it shall be presumed that he was in the exercise of reasonable care and "if contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant, and the burden of proving such contributory negligence shall rest upon the defendant." See *Hatch* v. *Merigold,* 119 Conn. 339, 340, 176 Atl. 266. The court indicated that it would allow both parties to amend accordingly, but stated that in the absence of such amendment it would charge the jury that the question of contributory negligence was not in issue. Counsel for the defendants then made the claim that so long as the affirmative allegation of due care of plaintiff's decedent remained in the complaint the burden of proving freedom from contributory negligence was on the plaintiff, but this allegation was not removed by amendment. The finding indicates that the defendant offered evidence to prove negligence on the part of plaintiff's decedent, and requested a charge that the burden was on the plaintiff to prove freedom from contributory negligence. The trial court, however, instructed the jury that, the defendant not having alleged it as a defense, "no question of contributory negligence need be con-

sidered." The defendants assign this as error, and correctly, under our decisions as to the effect of the pleadings upon the applicability of the statute.

In *Yanez* v. *DeRosa,* 118 Conn. 471, 172 Atl. 926, and *Hatch* v. *Merigold,* supra, as here, the plaintiff alleged due care of the decedent; the defendant denied this allegation but did not affirmatively plead contributory negligence. The trial court charged that the burden of proof on this issue, as well as on that of the defendant's negligence, was upon the plaintiff. In *Yanez* v. *DeRosa,* supra, 472, we held that, notwithstanding the existence of the statute, "the plaintiff . . . voluntarily assumed the affirmative upon that issue and is not now in a position to claim error because the trial court charged the jury accordingly." In *Hatch* v. *Merigold,* supra, we held, further (p. 342), that upon such a state of the pleadings the plaintiff was not entitled to the benefit of the presumption afforded by the statute which "would of itself have the effect of requiring the defendant to satisfy the trier that the plaintiff's decedent was guilty of contributory negligence. *O'Dea* v. *Amodeo* [118 Conn. 58, 63, 170 Atl. 486]. Where the plaintiff has pleaded want of contributory negligence, to permit him to still avail himself of the presumption would produce the incongruous result that, by his pleading, he has assumed the burden of proof upon that issue, but by claiming the benefit of the presumption, he can place that burden again on the defendant. . . . By affirmatively pleading her decedent's lack of contributory negligence, the plaintiff waived her right to claim the benefit of the statute."

The defendants were justified in relying upon and being guided by these late and definite decisions and accordingly refraining from an affirmative plea so long

as the plaintiff's allegation of due care remained in the complaint. The plaintiff cannot justly claim inadvertence in retaining it, after the pointed statement by the trial court, but must be regarded as having elected that course in order to obtain the benefit of exclusion of the issue, which, it was indicated, would be made in the charge if the pleadings remained unamended. The cases which are referred to in the note to *Hatch* v. *Merigold,* supra, 96 A. L. R. 1116, as contrary to "the Connecticut holdings that a plaintiff assumes the burden of proof by pleading lack of contributory negligence" appear to have been largely in jurisdictions where a general rule prevails that the burden is on the defendant to prove contributory negligence. *Pennsylvania Co.* v. *Fertig,* 34 Ind. App. 459, 70 N. E. 834, involved a statute (Burns Anno. Stat., 1901, § 359a) which merely provided that it was not necessary for a plaintiff to allege or prove want of contributory negligence but contributory negligence shall be a matter of defense which may be proved under a general denial. In the present instance, upon the pleadings and claims of proof, the issue of contributory negligence was in the case and to exclude it was reversible error. The defendants were entitled, instead, to a charge that the burden, as to it, was upon the plaintiff.

The charge as to the rule of proximate cause was sufficient to the factual situation disclosed by the finding which, also, was not such as to require instruction upon intervening cause, as the defendants claim. *Lombardi* v. *Wallad,* 98 Conn. 510, 518, 120 Atl. 291; *Corey* v. *Phillips,* 126 Conn. 246, 252, 10 Atl. (2d) 370; Restatement, 2 Torts, § 441. If a charge appropriate to the issue of contributory negligence had been given there was no need, either, of instruction pertaining to concurrent negligence. This is commonly applicable

only in cases of concurring acts of two or more persons other than the party injured. Restatement, op. cit., § 432 (2), § 439; 45 C. J. 920. Although if negligence of the plaintiff concurs with that of the defendant so that the negligence of each is to be regarded as a proximate cause of the resulting injury there can be no recovery (*Brown* v. *Page,* 98 Conn. 141, 146, 119 Atl. 44; *Seabridge* v. *Poli,* 98 Conn. 297, 304, 119 Atl. 214), such concurrence is called, and is equivalent to, contributory negligence of the injured party. *Bartram* v. *Sharon,* 71 Conn. 686, 688, 43 Atl. 143.

The defendants contended that the turning of their truck to the left was caused by skidding on ice on the highway and claimed to have proved that thereafter the plaintiff's decedent had opportunity by exercise of reasonable care to avoid the collision, and requested a charge giving them the benefit of the last clear chance doctrine, refusal of which is assigned as error. The defendants pleaded only a general denial. If a plaintiff is to avail of the doctrine, the allegations of his complaint must fairly include the acts or omissions with which the defendant is to be charged. *Tardieu* v. *Connecticut Co.,* 113 Conn. 94, 154 Atl. 173; *Correnti* v. *Catino,* 115 Conn. 213, 215, 160 Atl. 892. As appears from numerous cases and as we have just held in *Corey* v. *Phillips,* supra, 250, the doctrine, as such, is solely for a plaintiff's benefit, its "purpose and effect . . . being limited to eliminating antecedent negligence of the plaintiff as a bar to recovery where it has been superseded by the defendant's subsequent negligence." The other assignments do not afford occasion for discussion which would be useful upon a retrial.

There is error and a new trial is ordered.

In this opinion the other judges concurred except that MALTBIE, C. J., dissented from so much thereof

as holds that the trial court erred in refusing to submit the issue of contributory negligence to the jury.