ARETA COLLIGAN *v.* THOMAS F. REILLY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 8—decided May 8, 1942.

*Louis Feinmark,* with whom was *Abraham Zweigbaum,* for the appellant (plaintiff).

*Thomas R. Robinson,* with whom was *David M. Reilly,* for the appellee (defendant).

AVERY, J.   The essential facts in this case appearing in the finding are these: The defendant owned a building on the east side of Main Street in East Haven, with two stores on the first floor facing the street, and on the second and third floors two duplex tenements. The south tenement was occupied by the plaintiff's

family in which there were six children, five of them ranging in age from sixteen years to nine months, including the plaintiff, who was four years and four months of age. The northerly tenement was occupied by an Averill family in which there were four children ranging in age from fourteen to eight. In the rear of the property, to the east and southeast, there was a yard. About sixty feet southeast of the dwelling house, in the east end of the yard, was a rubbish pile with ashes and tin cans where the two families, as well as the defendant and the defendant's employees, at various times had burned papers and other combustible materials. The defendant in a general way knew of this use and had acquiesced in it. About twenty-six feet south of the rubbish pile there was a wooden garage. The defendant in a general way knew the ages of the children in the two families and that they played in the yard in the rear of the tenements. About 4 o'clock in the afternoon on March 21, 1940, the plaintiff and her seven-year-old brother were planting seeds near the garage in the back yard. At about that time, an eleven-year-old son of the Averill tenant was seen coming down the back stairs with papers in his hands. Although this boy was not seen outside the building or in the yard at any time that day, the trial court found that he took the paper bags to the rubbish pile and set them on fire. About fifteen minutes later the plaintiff was heard screaming and was seen at a point about midway between the garage and the house with the right leg of her overalls or ski pants burning back of the knee. At that time a fire was observed on the rubbish pile and a burning piece of paper on the ground between the rubbish pile and the garage near which the plaintiff had been playing. The plaintiff was a child of average intelligence for her age. During the ten or fifteen minutes between the time

the Averill boy was seen on the back stairs and the screams of the plaintiff it is not known what she did, nor is it known what her brother, who was with her, was doing during that period, nor is it known how her overalls or ski pants became ignited. The defendant had taken no action in regard to the children playing in the yard or to safeguard them from burning papers on the rubbish pile.

The trial court concluded that it was impossible to reconstruct the situation from the evidence so as to be able to determine with reasonable probability how the plaintiff's ski pants caught fire, except that in some unknown way the fire or some paper or other burning substance from it, whether or not through the intervening act or omission of a third person, came in contact with the plaintiff or near enough to her to cause the leg of her ski pants to smolder. The court further found that the plaintiff had failed to establish her due care as alleged in the complaint, or that any negligence of the defendant, if there was such negligence, was the proximate cause of her injuries.

Counsel for the plaintiff contends that the trial court imposed too high a standard of conduct upon the plaintiff on the issue of contributory negligence. The plaintiff in her complaint having alleged that she was in the exercise of due care, it was incumbent upon her to prove it. *Boyd* v. *Geary*, 126 Conn. 396, 399, 12 Atl. (2d) 644; *Yanez* v. *DeRosa*, 118 Conn. 471, 472, 172 Atl. 926. The contention of the plaintiff's counsel in substance amounts to this: Because the plaintiff was but four years and four months of age she could not be guilty of contributory negligence as a matter of law; and although it did not appear what she was doing at the time and immediately before her clothes caught fire nevertheless because of her age due care upon her part must be presumed. In frequent state-

ments our law has been declared to be that a child is required to exercise "such care as may reasonably be expected of children of similar age, judgment and experience" under the circumstances. *Marfyak* v. *New England Transportation Co.,* 120 Conn. 46, 50, 179 Atl. 9, and cases cited; *Johnson* v. *Fiske,* 125 Conn. 445, 450, 6 Atl. (2d) 354. In *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 52, 123 Atl. 25, we held it to be a question of fact whether a little girl five years old was guilty of contributory negligence. The plaintiff, having assumed the burden of proving her due care, was in the same situation as she would have been before the enactment of § 1399e of the Cumulative Supplement, 1939. "Previous to the enactment of the statute placing the burden of proof of contributory negligence upon the defendant, we . . . held that where there was no direct evidence as to the immediate circumstances of the accident and no basis for reasonable inferences which would justify a conclusion that the plaintiff was not negligent, he could not prevail; that the issue must be removed from the field of speculation and the evidence support a conclusion that it was at least reasonably probable that the plaintiff was not guilty of contributory negligence." *Kligerman* v. *Rosenstein,* 128 Conn. 455, 458, 23 Atl. (2d) 925.

It is also contended on behalf of the plaintiff that the trial court erred in the standards used in determining the issue of proximate cause. Whether the negligence of a defendant is a "substantial factor" in producing an injury is a question of fact where there is any evidence reasonably justifying the submission of the question to a jury. *Mahoney* v. *Beatman,* 110 Conn. 184, 196, 147 Atl. 762. The trial court found that there had been an incinerator in the yard but that it was not there on the day in question and the fire on the plaintiff's clothes was not caused by contact with

the incinerator. The subordinate facts found by the trial court go no further than to establish that there was a fire on the ash pile and in some unknown manner the plaintiff's clothes took fire when she was at a point about half way between the ash pile and the rear of her house. In the finding, and the trial court's memorandum of decision, there is the suggestion that the plaintiff's injury might have been the result of a superseding cause. It is not found, however, that this was so. Whether a superseding cause was of such a character as to prevent an act of negligence of the defendant from being a substantial factor in producing a plaintiff's injury is ordinarily a question of fact. *Corey* v. *Phillips*, 126 Conn. 246, 254, 10 Atl. (2d) 370; *Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 721. The facts found by the trial court do not remove the instant case from the general rule that the question of proximate cause is ordinarily one of fact and not of law.

There is no error.

In this opinion the other judges concurred.