## DOROTHY SQUIRES v. JANET M. WOLCOTT

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 74179

Memorandum filed July 25, 1946.

*Robert Ellis,* of Middletown, and *Joseph J. Trantolo,* of Hartford, for the Plaintiff.

*Pond, Morgan, & Morse,* of New Haven, for the Defendant.

COMLEY, J. There would seem to be no doubt that the defendant in this case was negligent and that her negligence was a proximate cause of the collision. She failed to give the plaintiff the right of way when it should have been apparent to her that if both cars continued there was a risk of collision. Apparently the plaintiff came to a full stop at the sign on Forest Street so that thereafter the usual rules of the road prevailed. I cannot see that the stalling of the plaintiff's car after it had entered the intersection played any part in the collision, for the defendant testified that when she first saw the plaintiff's car it was in motion and continued to move until the moment of impact.

The real question in the case is whether the plaintiff was guilty of contributory negligence. She has alleged in her complaint that she exercised due care and, therefore, she has assumed the burden of proof and §1399e of the Cumulative Supplement, 1939, has no application. *Colligan* v. *Reilly,* 129 Conn. 26, 29; *Boyd* v. *Geary,* 126 Conn. 396, 398.

There is no doubt that the plaintiff did not keep to the right of the intersection of the centers of the two highways in making her left turn from Forest Street into Capitol Avenue and this is true whether the center line of Capitol Avenue is taken at its wide portion east of Forest Street or at its narrow portion west of Forest Street. Ordinarily, the failure of a driver to keep to the right of the center of an intersection in making a left turn is negligence per se and will bar a recovery if it contributed materially to the collision. *Decker* v. *Roberts*, 126 Conn. 478, 480.

The rule of the road governing left turns (Cum. Sup. 1939, § 544e) excuses a driver from keeping to the right of the center "when otherwise directed by a local ordinance or traffic officer, signal or sign." It appears that for some time prior to this accident there was a curved white line painted on the pavement and leading from Forest Street in a southeasterly direction into Capitol Avenue. The painted line was also dotted with metal buttons hammered into the pavement. This line ran considerably to the east of the center of the intersection so that a driver who followed it in making a left turn into Capitol Avenue would not keep to his right of the center but would bear to his left of the center to such an extent that upon reaching the center line of Capitol Avenue he would be as much as sixty feet easterly from the point where the center lines of the two highways meet. This is caused by the fact that Forest Street does not run southerly but southwesterly and thus meets Capitol Avenue, which runs easterly and westerly, at an acute angle. Thus, if a driver making a left turn from Forest Street were to keep to the right of the center line of Forest Street to the point where that line intersects the center line of Capitol Avenue, he would be compelled to bear to his right across the major portion of the intersection and then make a sharp and extremely wide left turn of more than ninety degrees into Capitol Avenue.

It was undoubtedly to relieve this situation that the line was placed upon the pavement, and it is to be presumed that it was put there by the proper authority. *Viggiana* v. *Connecticut Co.*, 122 Conn. 514, 517.

For about an hour before the accident snow or a mixture of snow and rain had been falling so that the white line upon the pavement was not visible. The plaintiff, however, knew that it

was there for she had used this intersection for several months in traveling between her home and her place of employment. It does not appear whether the defendant knew of the existence of the line. This would not seem to be of much significance, for it is the plaintiff's conduct that is under examination; and, moreover, it is obvious that the line was placed there for the guidance of drivers on Forest Street and not for the guidance of drivers on Capitol Avenue, who could not be expected to see it at least until they were close to it.

I, therefore, conclude that the plaintiff was relieved of the duty of keeping to the right of the center of the intersection and that she has sustained the burden of proving herself free from contributory negligence.

The plaintiff was not severely injured. Her medical bills total $71, her loss of wages $210, and the damage to her car $125. For her pain and suffering and general incapacity she should receive $1,000. Judgment may be entered for the plaintiff to recover from the defendant the sum of $1,406.