### The Connecticut Society of Architects, Inc. *v.* Bank Building and Equipment Corporation of America

King, Murphy, Shea, Alcorn and Comley, Js.

Argued June 7—decided July 25, 1963

*Morris Tyler,* with whom was *William L. F. Felstiner,* for the appellant (defendant).

*Carmine R. Lavieri,* with whom, on the brief, were *Hadleigh H. Howd* and *Frank H. Finch, Jr.,* for the appellee (plaintiff).

*J. Read Murphy* filed a brief as amicus curiae.

ALCORN, J. The plaintiff, a Connecticut corporation without capital stock, brought this action against the defendant, a corporation having its principal office in St. Louis, Missouri, and legally registered as a foreign corporation doing business in this state, seeking a declaratory judgment as to whether the defendant was practicing architecture without a license in violation of chapter 390 of the General Statutes, and for an injunction restraining the defendant from such practice. The Superior Court adjudged, as a declaratory judgment, that the defendant was violating the statute, and en-

joined the defendant from the practice of architecture or related activities. The defendant has appealed, claiming, among other assignments of error, that the court erred in concluding that the plaintiff was a proper party to bring the action and in concluding that all necessary parties defendant had been joined.

The complaint alleged that the plaintiff is a nonstock Connecticut corporation; that it is a professional society, all of whose members are registered architects under Connecticut law; and that it "appears as plaintiff in this action at the request of its members in order to make it unnecessary for its members, some 260 in number, to bring suit." The complaint further alleged: "The plaintiff brings this action for itself and also on behalf of all registered architects in this State (whether or not they are members of the Connecticut Society of Architects). The registered architects in this State, duly registered with the Architectural Examining Board, are very numerous and it would be impracticable and unreasonably expensive to make them all parties." The defendant, by its answer, put these allegations in issue. When the plaintiff failed to offer any evidence of its capacity and authority to bring the action in the representative capacity alleged, the court, in a preliminary memorandum, called upon the plaintiff to offer evidence to establish those allegations and invited and granted a motion to open the case for that purpose. Thereupon, the parties filed a stipulation of facts which recited, and the court found, the following: The purposes for which the plaintiff corporation is organized are "[t]o unite in fellowship the architects of the State of Connecticut and so combine and direct their efforts as to make the profession of ever-

increasing service to society by enhancing its aesthetic, scientific and practical efficiency." Prior to the start of this action, the executive committee of the plaintiff passed the following resolution: "[T]he Executive Committee of the Connecticut Society of Architects recommend to the Architectural Examining Board that a permanent injunction be instituted by said Board enjoining said corporation [the defendant] from the further practice of architecture in the State of Connecticut. The Society shall be a participant of such action and shall aid financially and legally to the extent required to successfully accomplish this purpose." Thereafter, reports were made to the membership "on the progress of the court action," and the plaintiff's attorney reported, either to the executive committee or the membership of the society, "the progress of the Bank Building case."

The stipulated facts contained no vote, by either the members of the plaintiff or its executive committee, authorizing the bringing of an independent action by the plaintiff for an injunction and declaratory judgment such as the present action, and no such authorization was found by the court. Neither the stipulated facts nor the court's finding contains any indication that the plaintiff's executive committee ever made the recommendation to the architectural examining board which the executive committee had voted to make. Instead, it would appear, from the stipulated facts, that unsuccessful negotiations were undertaken by the plaintiff to effectuate a proposed "working agreement" with the defendant.

Chapter 390 of the General Statutes, §§ 20-288—20-298, defines the "practice of architecture" and provides for the licensing and regulation of archi-

tects. Section 20-289 establishes an architectural examining board of five members who must be architects residing and having a place of business in Connecticut and charges the board "with enforcing the provisions of this chapter." Section 20-290 prohibits the practice of architecture or the use of the title architect without a certificate of registration issued by the board. Section 20-296 empowers the board to bring about the enforcement of the provisions of the chapter, and § 20-297 imposes a penalty of fine or imprisonment for a violation of any provision of the chapter.[1]

At the outset, we note that, although the vote of the plaintiff's executive committee recognized the architectural examining board as the proper agency to proceed against the defendant for a claimed violation of the statute, it nevertheless indicated a lack of understanding of the function of the board under § 20-296. That section does not envision that the board shall bring an original action for an injunction or a declaratory judgment. Instead, it lays down a procedure by which the board, on complaint

---

[1] "Sec. 20-296. INQUIRY INTO ALLEGED VIOLATIONS; HEARINGS; ORDERS. The architectural examining board may, upon the complaint of any one or more registered architects or on its own motion, at its sole discretion, inquire into the existence of any violations of the provisions of this chapter and, for this purpose, may hold hearings at such times and places as it deems convenient and shall have the power to subpoena witnesses. At least thirty days' notice of the time and place of such hearings and an opportunity to be heard in person or by attorney shall be given to any person alleged to be violating such provisions. If the board determines that a violation of any provision of this chapter exists, it may issue an appropriate order to the person or persons found to be so violating such provision, providing for the immediate discontinuance of the same. The board may, through the attorney general, petition the superior court for the county wherein such violation occurred, or wherein the person committing such violation resides or transacts business, for the enforcement of any order issued by it and for appropriate

of one or more registered architects or on its own motion, may hold a hearing, on due notice to the alleged offender, to determine the existence of any violation of chapter 390. If a violation is found to exist, the board is empowered to issue an appropriate order for a discontinuance of the violation and, through the attorney general, to petition the Superior Court for an enforcement of that order and for accompanying appropriate temporary relief or a restraining order. The hearing in the Superior Court then becomes, not a trial of an original equitable or declaratory judgment action, but a determination, upon a review of the record before the architectural examining board, of the propriety of enforcing, modifying or setting aside the board's action, wholly or in part.

The plaintiff is not a registered architect in Connecticut and, indeed, cannot, as a corporation, become one. § 20-288; see also 29 Conn. Atty. Gen. Rep. 111, 171. Neither the architectural examining board nor any registered architect is a party to the

---

temporary relief or a restraining order and shall certify and file in the court a transcript of the entire record of the hearing or hearings, including all testimony upon which such order was made and the findings and orders made by the board. Within five days after filing such petition in the court, the board shall cause a notice of such petition to be sent by registered or certified mail to all parties or their representatives. Said court may grant such relief by injunction or otherwise, including temporary relief, as it deems equitable and may make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside, in whole or in part, any order of the board."

"Sec. 20-297. PENALTY. Any person who knowingly, wilfully or intentionally violates any provision of this chapter shall be fined not more than five hundred dollars or imprisoned not more than one year or be both fined and imprisoned. The secretary of the board shall aid in the enforcement of this chapter and shall give any information concerning violations of this chapter which come to his attention to the proper prosecuting authorities for action."

action either as a plaintiff or as a defendant, and no legal notice of the pendency of the action was given them.

The plaintiff claims to appear for itself and, under § 52-105, as the representative of registered architects. In this appeal, it abandons its original claim to represent all registered architects in the state but still claims to represent those included in its own membership. Even if we assume, without deciding, that the plaintiff was properly authorized to bring this action, or that the commencement of the action, if not properly authorized in advance, could be said to have been ratified under the facts stipulated in this case, the question still remains whether the plaintiff is a party qualified to prosecute the action.

The complaint seeks equitable relief in the form of an injunction and statutory relief in the form of a declaratory judgment. *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 133 Conn. 403, 409, 51 A.2d 907. The equitable powers of the court can be invoked only by the real party in interest. *Sutton* v. *Mansfield*, 47 Conn. 388, 389; *Lester* v. *Kinne*, 37 Conn. 9, 15; *Gaston* v. *Plum*, 14 Conn. 344, 347. "By interest, it is observable, is meant something more than is comprised in the most ardent wish or partial feeling. It implies a *right* in the subject of controversy, which a decree, more nearly or remotely, may affect." *Crocker* v. *Higgins*, 7 Conn. 342, 346. Consequently, no matter how zealous the plaintiff may be in its desire to assist its members, it cannot represent them to enforce their rights, unless it has a right, in itself, in the subject of the controversy which a decree will affect. 67 C.J.S. 921, Parties, § 13 (b); see *Darien* v. *Stamford*, 135 Conn. 71, 78, 60 A.2d 764. So far as the

prayer for a declaratory judgment is concerned, an essential element for the rendition of such a judgment is that the plaintiff have "an interest, legal or equitable, by reason of danger of loss or of uncertainty as to . . . [its] rights or other jural relations." Practice Book § 277 (a); see also Borchard, Declaratory Judgments (2d Ed.) p. 264; 67 C.J.S., Parties, § 10. Unless the interests of the parties are adverse, there can be no justiciable controversy which can properly be the subject of a declaratory judgment. *Lipson* v. *Bennett,* 148 Conn. 385, 389, 171 A.2d 83.

The plaintiff corporation, as a legal entity, has for its purpose the union in fellowship of architects for the enhancement of the aesthetic, scientific and practical efficiency of the architectural profession. The issue whether the defendant corporation is practicing architecture without a license is entirely foreign to this purpose. Clearly enough, the defendant could be exhibiting the highest possible aesthetic, scientific and practical efficiency in the practice of architecture, regardless of whether it was practicing with or without a license. The plaintiff concededly is not a member of the class of registered architects which it purports to represent. The declared purpose of the prohibition of chapter 390 against the practice of architecture without a license is to "safeguard life, health and property." § 20-290. No claim is made in this case that any of these objectives are in jeopardy or that the defendant is professionally incompetent. The plaintiff's position is that of an altruistic volunteer assuming to speak for a group to which it does not belong in order to enforce rights in which it has no legal or equitable concern.

Ordinarily, the question of a plaintiff corpora-

tion's right to sue is a matter to be raised by special defense. General Statutes § 52-93. The plaintiff, in this case, however, has voluntarily assumed the affirmative on that issue. *Boyd* v. *Geary,* 126 Conn. 396, 399, 12 A.2d 644; *Apuzzo* v. *Hoer,* 125 Conn. 196, 204, 4 A.2d 424; *Yanez* v. *DeRosa,* 118 Conn. 471, 472, 172 A. 926. By the allegations in its complaint, the plaintiff assumed the burden of proving its status as a proper party plaintiff, and the proof fails to satisfy that burden. The case presents circumstances similar to those in *New Jersey Bankers Assn.* v. *Van Riper,* 1 N.J. 193, 62 A.2d 677, in which the plaintiff, an unincorporated association whose members were banking institutions throughout the state, sought a declaratory judgment on a question affecting its banking members. The plaintiff was formed for the purpose of advancing the general interest of banks but was not itself engaged in banking. It sued in its own name on behalf of and with the asserted authority of its member banks. In denying relief, the New Jersey court concluded that the action concerned no property interest of the plaintiff, if indeed it had any, and that the plaintiff could not assume to represent its member banks since it was not itself a member of the class which it undertook to represent. Similarly, in the present case, we conclude that the plaintiff has no interest, which it can enforce in its own right, in the subject matter of this action, and that, not being a member of the class which it purports to represent, it has no standing to sue in a representative capacity.

We turn then to the question whether all necessary parties defendant have been joined in the action. The plaintiff correctly concedes that its right to an injunction stands or falls upon its right to the declaratory judgment sought; see *Holt* v. *Wis-*

*singer,* 145 Conn. 106, 113, 139 A.2d 353; and that one of the prerequisites to a declaratory judgment is that all those having an interest in the subject matter of the complaint either be joined as parties to the action or be given reasonable notice thereof. Practice Book § 277 (d); *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 217, 83 A.2d 177; *Fisher* v. *Kallenbach,* 135 Conn. 147, 149, 62 A.2d 336. The only parties to this action are the two corporations, the named plaintiff and the named defendant. The subject matter of the complaint is whether the defendant is practicing architecture without a license in violation of the statutes of Connecticut. The architectural examining board is the administrative agency created by the state to enforce the statutes regulating the licensing of architects and the practice of architecture. It hardly seems necessary to elaborate on the language of § 20-296 to indicate that, even if the plaintiff could properly have brought this action, the architectural examining board should have been made a party.

So far as this record discloses, the violation of which the plaintiff complains has never received the attention of the architectural examining board. Nor is the board, since it was not a party to this action, bound by the judgment rendered. If it be supposed that, the court having found the defendant to be illegally practicing architecture and having enjoined that action, the architectural examining board should exercise its statutory prerogative and, after hearing, should conclude that the defendant is not practicing architecture illegally, the defendant would then be in the incongruous position of having its activities approved by the agency legally created to supervise it and, at the same time, being subject to the threat of a citation for contempt in the Supe-

rior Court if it attempted to engage in that activity. The incongruity would not be mitigated if we were to suppose, conversely, that the Superior Court had, in this case, reached a contrary result, refused injunctive relief and declined to find that the defendant was practicing architecture illegally, and subsequently, after hearing, the architectural examining board had concluded that the defendant is practicing architecture illegally, ordered it to cease and applied to the Superior Court for the enforcement of its order. The necessity and desirability of avoiding such conflicts are apparent. Quite obviously, the architectural examining board had such a direct interest in the subject matter of the action that its presence as a party was essential. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, 196 A. 344.

The plaintiff points to the fact that the state bar examining committee was not a party in *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 140 A.2d 863, and that the board of examiners in chiropody was not a party in *Connecticut Chiropody Society, Inc.* v. *Murray,* 146 Conn. 613, 153 A.2d 412. The cases are not apposite, quite apart from the fact that, in them, no objection to the absence of the committee or board was made. The bar examining committee had no responsibility touching the issue whether the defendant bank was practicing law illegally; Practice Book § 3; and the board of examiners in chiropody is not invested under chapter 375 of the General Statutes with the same broad enforcement powers as are reposed in the architectural examining board. We conclude, therefore, that, because of the absence of the architectural examining board as a necessary party, the plaintiff was, quite apart from its own inability

to bring this action, not entitled to a declaratory judgment or an injunction.

In view of the foregoing, it is unnecessary to consider the other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion MURPHY and COMLEY, Js., concurred; KING and SHEA, Js., concurred in the result and in the opinion as written so far as it is based upon the grounds that the plaintiff (1) is not a member of the class entitled to maintain this action in that it is not, and as a corporation cannot be, a registered architect; (2) does not represent any registered architect; (3) could not be entitled to a declaratory judgment since it failed to give legal notice to the architectural examining board or any of the individuals who would be affected by such a judgment; and (4) did not make the architectural examining board a party to this action.