## ANTHONY A. GRECKI *v.* TOWN AND CITY OF NEW BRITAIN ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 8, 1977—decision released January 24, 1978

*Andrew J. O'Keefe,* with whom was *William P. Murray,* for the appellant (defendant New Britain National Bank).

*John V. Zisk,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff brought this action to recover damages for injuries and expenses he suffered as a result of a fall upon an icy, snow-covered sidewalk. In his complaint,[1] the plaintiff alleged

[1] The plaintiff's original complaint was filed on January 13, 1972. An amended complaint followed on February 14, 1972, as did another on June 4, 1975.

negligence against both the city and town of New Britain and New Britain National Bank. The jury returned a verdict against the defendant New Britain National Bank and in favor of the city and town of New Britain. The defendant New Britain National Bank, hereinafter referred to as the bank, has appealed. Of the several assignments of error, only one need be discussed as dispositive of the appeal.

The complaint was in two counts, the first against the defendant municipality and the second against the defendant bank. In the second count against the bank, the plaintiff, in two separate paragraphs, alleged that "while in the exercise of due care" he proceeded along a public sidewalk covered with accumulations of snow and ice. The defendant bank denied the allegation of "due care," leaving the plaintiff to his proof. The bank did not affirmatively allege contributory negligence of the plaintiff.

Since the plaintiff, in his complaint, alleged that he was in the exercise of due care, it was incumbent upon him to prove it. *Squires* v. *Wolcott,* 133 Conn. 449, 452, 52 A.2d 305; *Colligan* v. *Reilly,* 129 Conn. 26, 28, 26 A.2d 231; *Boyd* v. *Geary,* 126 Conn. 396, 399, 12 A.2d 644; *Yanez* v. *DeRosa,* 118 Conn. 471, 472, 172 A. 926. See also *Walsh* v. *Turlick,* 164 Conn. 75, 82, 316 A.2d 759; *Connecticut Society of Architects, Inc.* v. *Bank Bldg. & Equipment Corporation,* 151 Conn. 68, 76, 193 A.2d 493; *Apuzzo* v. *Hoer,* 125 Conn. 196, 204, 4 A.2d 424. By pleading due care, the plaintiff waived his right to claim the

benefit of General Statutes § 52-114.[2] *Petrillo* v. *Maiuri*, 138 Conn. 557, 563, 86 A.2d 869; *Hatch* v. *Merigold*, 119 Conn. 339, 343, 176 A. 266.

The defendant assigns as error the court's failure to charge that the plaintiff had the burden of proving that he exercised "due care" and that he was not contributorily negligent. In its brief the defendant bank recites its exception to the charge as follows: "My next exception is the failure of the court to charge on contributory negligence on the plaintiff. The plaintiff has alleged in his complaint that he was in the exercise of due care. In the ordinary case I would have pled contributory negligence. In this case I denied that he was in the exercise of due care. By alleging that he was in the exercise, he took the burden of proving that he was not contributorily negligent, and the court did not so charge."

Nowhere in the record or in either brief does it appear that the court charged that by pleading due care the plaintiff assumed the burden of proving that issue. He claims, however, that even if, as a result of his pleading, he has taken upon himself the burden of proving due care, he has not similarly taken upon himself the burden of establishing his freedom from contributory negligence. The distinction is one without difference as it pertains to

[2] "[General Statutes] Sec. 52-114. PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

the court's failure to charge on this issue. Both those cases which preceded the enactment of the forerunner to General Statutes § 52-114[3] and those which follow it refer interchangeably to the proof of due care and the proof of freedom from contributory negligence. See, e.g., *Brown* v. *Page,* 98 Conn. 141, 146, 119 A. 44; *Squires* v. *Wolcott,* 133 Conn. 449, 452–55, 52 A.2d 305. Specifically, in *Boyd* v. *Geary,* 126 Conn. 396, 399–400, 12 A.2d 644, this court determined that since the plaintiff alleged due care, the defendants were entitled to a charge that the burden of proving freedom from contributory negligence was upon the plaintiff.

Under these circumstances, it is clear that the exception taken by the defendant was sufficiently specific to alert the court to the issue that the burden of proof was upon the plaintiff to prove his allegation of due care. This is so, particularly since " 'the charge should have included instructions on this point, even in the absence of a request.' " *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 313, 268 A.2d 639; *Riley* v. *Connecticut Co.,* 129 Conn. 554, 559, 29 A.2d 759; *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 441, 23 A.2d 512; *Foote* v. *E. P. Broderick Haulage Co.,* 123 Conn. 296, 299, 195 A. 191.

Instructions to the jury are "tested by the claims of proof advanced by the parties, and they must be accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict." *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d

[3] The forerunner to General Statutes § 52-114, enacted as § 598a in 1931, changed the "former rule that, in negligence actions, the burden was upon the plaintiff to establish his freedom from contributory negligence." *Toletti* v. *Bidizcki,* 118 Conn. 531, 536, 173 A. 223.

496; *Lopes* v. *Connecticut Light & Power Co.*, 145 Conn. 313, 315, 142 A.2d 135. In this case, the court's failure to instruct regarding the burden of proof on a material issue in this case rendered the charge inadequate as a guide to the jury.

There is error, the judgment is set aside and a new trial is ordered.

In this action the other judges concurred.