[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The plaintiff and the defendant have each moved for summary judgment.
In this action the plaintiff seeks damages for personal injuries under the uninsured/underinsured coverage of his parents' automobile liability policy with the defendant Allstate Insurance Company. The alleged injuries arose out a motorcycle-automobile collision at the intersection of Main Street and Sutton Avenue in East Hartford, of July 6, 1990.
The plaintiff's motorcycle collide with an automobile owned and operated by one Marjorie Brazolovich. Her vehicle was covered under a $20,000 per person liability policy with Liberty Mutual. The plaintiff's motorcycle had a policy with Progressive Casualty Insurance Company providing $20,000 CT Page 2809 liability coverage, each person, and $20,000 uninsured motorist coverage, each person. Liberty Mutual paid its entire $20,000 coverage to the plaintiff. Because the Liberty Mutual policy had the same liability coverage, $20,000, as the plaintiff's uninsured motorist coverage with Progressive, $20,000, no claim for uninsured/underinsured is applicable under the motorcycle coverage with Progressive.
The plaintiff brings this action for benefits under the policy of his parents, Laura and Luke Ruggiero, with Allstate Insurance Company. That policy insures two vehicles for $50,000 uninsured/underinsured motorist coverage. As stacked, the total of such coverage is $100,000 each person. The plaintiff claims to be an insured under the "Insured Persons" definition of the policy, to wit "you and any resident relative."
The plaintiff moves for summary judgment claiming there are no genuine issues as to any material fact. The plaintiff claims in paragraph 5 of the complaint that he sustained bodily injury "the sole and proximate cause of which was the negligence of one Marjorie Brazolovich." This allegation was later amended to eliminate the words "sole and", causing the phrase to read . . . "the proximate cause . . ."
Arguably, the plaintiff by pleading in this fashion may have assumed the burden of proving the absence of comparative negligence. See Hatch v. Merigold, 119 Conn. 339, 343. The defendant has denied the allegation of the plaintiff concerning negligence, proximate cause and, if appropriate, exclusive proximate cause.
The documents and affidavits submitted by the plaintiff do not resolve these questions of fact. Opinions do not substitute for facts admissible in evidence (P.B. 381).
The plaintiff's motion for summary judgment is denied.
The defendant files a cross-motion for summary judgment. The defendant claims that a particular document, which it attaches to its brief, without affidavit, and undated, contains an exclusion from policy coverage as concerns the plaintiff.
The plaintiff appended to his complaint what appears to CT Page 2810 be the entire insurance policy, marked "Exhibit A." That document, though dealing with exclusions, does not contain the purported exclusion proffered by the defendant.
The existence or non-existence of the purported exclusion is a threshold question of fact. That question remains unresolved.
The defendant's cross-motion for summary judgment is denied.
L. Paul Sullivan, J.