JAMES F. DUFF, ADMINISTRATOR, *vs.* JOHN AUGUSTUS HUSTED.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Upon an appeal from the refusal of the trial court to set aside a nonsuit, the plaintiff's evidence is to be treated in the aspect most favorable to him.

Whether contributory negligence is attributable to a boy six years old playing with others on the edge of the traveled road, is a matter exclusively for the jury.

Such a boy, while so playing and intent upon the game, was struck and killed by the defendant's automobile which was going fast and gave no warning signal nor did it slacken its speed. *Held* that under these circumstances and with contributory negligence eliminated by the boy's age, it could not be said that the jury might not reasonably have found a verdict for the plaintiff; and therefore that the trial court erred in granting, and in refusing to set aside, the nonsuit.

Argued June 1st—decided July 20th, 1920.

Duff *v.* Husted.

Action to recover damages for causing the death of the plaintiff's intestate by the alleged negligent operation of the defendant's automobile, brought to the Superior Court in Fairfield County where the plaintiff was nonsuited in a trial to the jury before *Keeler, J.*, and from the refusal to set aside this judgment the plaintiff appealed. *Error and new trial ordered.*

*William L. Tierney*, with whom was *Edward J. Quinlan*, for the appellant (plaintiff).

*Nichols C. Downs*, for the appellee (defendant).

Per Curiam. In determining whether the plaintiff's evidence should have been submitted to the jury, it is to be treated in the most favorable aspect to his case of which it is reasonably susceptible. So tested, the admission in the answer that the plaintiff's decedent died on the day he is said to have received his injuries, coupled with the testimony as to their nature and extent, would have warranted the inference that death resulted from the injuries, while the boy's age—six years—left it exclusively for the jury to say whether contributory negligence was attributable to him. *Lynch* v. *Shearer*, 83 Conn. 73, 75 Atl. 88; *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 58 Atl. 5.

Whether or not the defendant's conduct was negligent rested upon these facts: His automobile, "going fast," was driven without warning signal of any kind and with no slackening of its speed, toward the place where seven or eight young boys were playing on the edge of the traveled road, shouting, in motion, and noisily absorbed in and intent upon their game, and came into fatal collision with the plaintiff's decedent, who was one of the boys so engaged. We cannot say that in the situation so presented, and with the question

of contributory negligence wholly eliminated by the age of the boy, the jury might not have found for the plaintiff.

There is error and a new trial is ordered.