FRANK MIRANTI, JR., *vs.* LYDIA R. GALLO.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In passing on a motion for a nonsuit, the trial court is bound to regard as admitted to be true such of the evidence introduced by the plaintiff as goes farthest in support of the complaint, and to take into account every favorable inference that might be drawn from it; and if the plaintiff has thus made out a prima facie case, though it may, in the opinion of the court, be a weak one, he is entitled to go to the jury, and it is error to grant the nonsuit.

Argued April 20th—decided April 27th, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in the operation and control of her automobile, brought to the Superior Court in Fairfield County where the plaintiff was nonsuited in a trial to the jury before *Keeler, J.*, and from the refusal of the trial court to set aside such judgment the plaintiff appealed. *Error and new trial ordered.*

*Henry E. Shannon* and *Samuel Reich,* for the appellant (plaintiff).

*Carl Foster,* for the appellee (defendant).

PER CURIAM. The rule governing the trial court was that stated in *Girard* v. *Grosvenordale Co.,* 83 Conn. 20, 25, 74 Atl. 1126: "In passing upon the motion [for nonsuit], the Superior Court was bound to regard the truth of such of the evidence introduced by the plaintiff as went farthest in support of the complaint, as admitted, and to take into account every favorable inference that might legitimately be determined from it. It was

enough if he had thus made out a prima facie case, though it might in the opinion of the court be a weak one." *Duff* v. *Husted*, 95 Conn. 206, 111 Atl. 186.

We have examined and considered the evidence in the light of this rule with the utmost care, and are satisfied that upon the evidence submitted the plaintiff was entitled to have had his case submitted to the jury. We do not state the reasons for our conclusion, since the case must be tried again, and we think it better that it be disposed of without any possible relation to the theory of the evidence and the argument derived therefrom from which our conclusion was drawn.

There is error and a new trial is ordered.