JESSE BROWN *vs.* HARRY E. PAGE.
JOSEPH BROWN, ADMINISTRATOR, *vs.* HARRY E. PAGE.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

An appellant cannot properly complain of a charge to the jury giving them instructions which are correct in law, adapted to the issues, and sufficient for their guidance in reaching a lawful conclusion.

Two young children who had been following a loaded wagon going east on the south side of a highway, started to cross to the north side when an automobile driven by the defendant appeared, forty or fifty feet away, going west on the north side of the road at a speed variously estimated at from twenty-five to forty miles an hour. The defendant, upon seeing the children, swung his car to the right, up the side or bank of the highway, where it turned over on its left side, and as it did so the rear part of its top struck and injured the children, resulting in the death of one of them. The jury returned a verdict for the defendant in each case, which neither appellant challenged as against the evidence. *Held* that the instructions to the jury were correct, applicable and sufficient, and substantially covered the plaintiffs' requests to charge in so far as they were relevant to the situation.

The appellants complained that the court in its charge mentioned some but not all of the specifications of negligence charged against the defendant. *Held* that the court was not bound to mention any or all of them, inasmuch as the jury were expressly instructed that the plaintiffs must prove defendant's negligence in some of the ways or particulars set out in the complaints, which, as usual, were submitted to their inspection; and furthermore, that the items mentioned might fairly be said to characterize and summarize all of the specifications of negligence.

An allusion in a charge to the fact that there were at times "such things as accidents which are inevitable," for which no one is to blame,—

will be regarded as insignificant and harmless, if coupled with an instruction that negligence in causing an injury entailed liability.

Obviously an appellant cannot complain of a statement in a charge which was merely the assertion of a self-evident and indisputable fact.

Whether contributory negligence can be attributed to children, one of whom was five years and eight months and the other eight years and four months old, in crossing a highway, is a matter exclusively for the jury.

In any action for negligence the plaintiff must sustain the burden of proving that the defendant's conduct was the proximate cause of the injury sustained, that is, that such conduct, in natural sequence and without intervening or concurrent cause, produced the result.

Argued October 5th—decided November 27th, 1922.

ACTIONS to recover damages for personal injuries (resulting in one case in the death of the plaintiff's intestate) alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried together to the jury before *Marvin, J.;* verdict and judgment for the defendant in each case, and appeal by the respective plaintiffs. *No error.*

The plaintiff in the first of these actions was a boy of the age of eight years and four months when he received the injuries described in his complaint, which it was admitted were caused by his being struck by a part of the defendant's automobile when it overturned in the highway in front of his father's house. At the same time and place and in the same manner his sister, who was then five years and eight months old, received injuries which resulted in her death the next day; and the plaintiff in the second action is the administrator of her estate. The cases were tried together and submitted to the jury upon the same evidence. Upon appeal, it was stipulated that the same finding of facts should be made for both cases.

*Henry J. Marks,* for the appellants (plaintiffs).

*Edward L. Smith,* for the appellee (defendant).

BURPEE, J.   Neither of the plaintiffs has claimed that the verdict of the jury in either case was against the evidence.   In both cases the reasons of appeal are the same, and relate solely to specified parts of the charge to the jury and to refusals to charge as requested by the plaintiffs jointly.   In considering the merits of these reasons, it must be remembered that it is the duty of the court in its charge to the jury to give instructions correct in law, and adapted to the issues raised by the pleadings and the evidence produced in support of those issues and against them, and sufficient to guide the jury to a lawful conclusion.

In the complaints the plaintiffs averred that the children's injuries were the result of the defendant's negligence in driving his automobile in the manner and particulars set forth.   The negligence thus described was the gravamen of the complaints; it was the cause of action in these suits at law.   Therefore, after the defendant's general denial of these allegations of negligence, it was indispensable that the plaintiffs should prove them in substance or in some essential item.   Assuming this unavoidable burden, the plaintiffs, as the finding shows, offered evidence to prove that the children, who had been following behind a loaded wagon drawn by a team of horses and moving easterly along the southerly side of the traveled path of the highway, started to cross to the northerly side when the automobile of the defendant was about sixty feet from them and when he first saw or should have seen them; that the automobile was then going at the rate of forty miles an hour; that the defendant did not use his emergency brake nor give any warning signal; that at this time the defendant turned his automobile to his right and upon the sward along the northerly

side of the traveled path of the highway; that the automobile turned over upon its left side on this sward, and the rear part of its top struck the children, who at no time stepped in front of it; and that the defendant, if his automobile had been traveling not more than twenty-five or thirty miles an hour, could have stopped within twenty-five or thirty feet from the place where he first saw or should have seen the children.

On the other hand, as the finding states, the defendant offered evidence to prove that he was driving from twenty-five to thirty miles an hour when he saw the team and wagon approaching; that he then sounded his horn, threw out his clutch and coasted along the right side of the road toward the wagon; that when he reached the heads of the horses, the two children darted out from behind the wagon, running fast and directly in front of his automobile; that he immediately threw on his brakes, and turned his car sharply to his right upon the sward on the northerly side of the traveled path of the highway; that when it was upon this soft grassy soil, the car was overturned and some part of its rear end struck the children; that both children had been entirely concealed behind the approaching wagon and could not have been seen by the defendant until they ran out in front of his car; that he could not turn to his left because of the passing wagon; and that if he had not turned to his right, his car would have run straight into the children.

Upon these issues and this conflicting evidence the court repeatedly charged the jury that the burden lay upon the plaintiffs to prove that the defendant was negligent in some of the particulars set out in the complaints, and also that that negligence was the proximate cause of their injuries; and finally instructed them that they should determine whether the defendant was negligent in any of the respects stated in the com-

plaints, "and that that negligence in the immediate sequence of events, without intervening cause, produced the result" which had been described. These instructions were correct, applicable and sufficient. Unless the jury could find the defendant negligent in such manner, and to such effect, the plaintiffs could not recover in these suits.

In the fourth and fifth assignments of error, the plaintiffs complain that the court, in quoted extracts from the charge, mentioned some but not all of the items of negligence alleged in the complaints. It appears that the court expressly instructed the jury that the plaintiffs must prove that the defendant was negligent in some of the ways or particulars set out in the complaints, which, as usual, were submitted to their inspection. Moreover, those particulars which the court mentioned may fairly be said to characterize and summarize all of the items specified.

In the sixth assignment of error, the appellants criticize the court's definition of an "inevitable accident." Whatever may be said about the accuracy of the definition, it should be regarded as an insignificant and harmless remark. It introduced, and was immediately followed by, the instruction that liability for an accident could be fixed upon a person only by showing that his negligence was the cause of what occurred.

In another part of the charge the court said that "if these children started out from behind the wagon which concealed their presence, so that the driver of the car, having the same under proper control and proceeding at a reasonable rate of speed, could not have avoided striking them, you may say that his conduct was not negligent." That was a statement of a self-evident and indisputable fact. In the seventh assignment of error, which complains of this statement, there is no merit.

In the third, eighth and tenth reasons of appeal, the appellants challenge certain instructions of the court concerning contributory negligence. The plaintiffs averred in their complaints, and the defendant denied, that the plaintiffs were at all times "in the exercise of due care." The court instructed the jury that the plaintiffs must prove this allegation, and must show that the child in each case was free from any negligence which materially contributed to the occurrence resulting in the injuries described. The defense of contributory negligence applied to the conduct of a young child was explained fully and clearly, and partly in language which has been approved by this court. Whether contributory negligence could be charged upon either of these children was a matter exclusively for the jury. *Duff* v. *Husted*, 95 Conn. 206, 111 Atl. 186; *Rohloff* v. *Fair Haven & W. R. Co.*, 76 Conn. 689, 691, 58 Atl. 5. In the sentence of the charge which is complained of, the court properly left this matter for the jury to determine by applying their judgment and experience to the facts which they should find to have been disclosed by the evidence. If the plaintiffs by their negligence materially contributed to the accident, or if their negligence concurred with negligence of the defendant so that the negligence of each was to be regarded as a proximate cause of the resulting injury, there could be no recovery. *Andrews* v. *Dougherty,* 96 Conn. 40, 112 Atl. 700; *Radwick* v. *Goldstein*, 90 Conn. 701, 709, 98 Atl. 583; *Hawkins* v. *Garford Trucking Co.*, 96 Conn. 337, 114 Atl. 94. In any case, the plaintiff must sustain the burden of proving that the cause of the alleged event was the defendant's negligence, which, in natural sequence and without intervening or concurrent cause, produced the event, and without which the event would not have occurred. *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270,

67 Atl. 888.   The charge in these respects was as favorable to the plaintiffs as the evidence justified.

The first and second assignments of error relate to unimportant general statements, manifestly not intended nor fairly to be understood to be exact or complete.   They were harmless.

The plaintiffs' requests to charge, so far as they were applicable to the requirements of this case, were in substance expressed in the charge, which, considered as a whole, contained instructions correct in law, adapted to the issues, and sufficient to guide the jury in considering the evidence and in determining the ultimate facts which might reasonably have been found to have been established.   *Warner* v. *McLay,* 92 Conn. 427, 429, 103 Atl. 113.

There is no error.

In this opinion the other judges concurred.