Colvin *v.* Delaney.

---

JAMES T. COLVIN ET UX. *vs.* THERESA J. DELANEY.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

Full and adequate means of knowledge ordinarily are in law equivalent to knowledge.

If one who is, and is known to be, in a position to have accurate knowledge concerning a given subject, recklessly makes representations relative thereto for the purpose of influencing another's action, and does influence it accordingly, the law will hold him guilty of fraud if such representations are untrue, although he may not have known of their falsity.

In the present case, which was an action for fraud, it appeared that defendant repeatedly stated to the plaintiffs, who were then negotiating for the purchase of her residence, that, as far as she knew, the heater in the cellar was in good condition; that, when these statements were made, the walls of the living rooms had become blackened by smoke from several oil stoves which were being used, instead of the heater, to supply warmth; that, when the plaintiffs

took possession of the house, they found the heater cracked be-
yond repair; and that, on one occasion, while the plaintiffs were
protesting to the defendant about the condition of the heater, she
remained silent when her son stated in her presence that it had
once violently exploded, almost killing the whole family. *Held*
that the trial court erred in granting a nonsuit, since the jury on
these facts might reasonably have found the defendant guilty of
fraud.

Argued May 7th—decided June 2d, 1924.

ACTION to recover damages for alleged fraudulent
representations, brought to the City Court of Hartford
and tried to the jury before *Calnen, Acting Judge;* the
court ruled that the evidence was insufficient to support
the complaint and nonsuited the plaintiff, and from its
refusal to set aside such judgment the plaintiff appealed.
*Error and new trial ordered.*

*William H. Macdonald,* with whom, on the brief, was
*Andrew J. Broughel,* for the appellants (plaintiffs).

*Terry J. Chapin,* for the appellee (defendant).

KEELER, J.  The complaint in this action alleges, in
the first four paragraphs, that the plaintiffs, husband
and wife, by a written contract dated April 1st, 1918
(an exhibit in the case), agreed with the defendant to
purchase a house and lot on Ward Street, Hartford,
and that, in accordance with the contract, defendant
by warranty deed dated April 3d, conveyed the same
to plaintiffs; that one of the clauses in the contract read
as follows:  "Mrs. Delaney [the defendant] agrees
to vacate premises on or before April 15th, 1918, and
agrees to leave house in good condition also to repair
water pipes"; that on or about April 20th, 1918, pos-
session of the premises was given to the plaintiffs by
defendant, who prior to that time had satisfactorily
repaired the water pipes.

These four paragraphs are admitted by the defend-

ant.  The complaint further alleges, in the remaining six paragraphs, that before the execution of the contract, defendant represented to plaintiffs that the heater, so far as she knew, was in good condition; that it was discovered in September of that year to be in defective condition and beyond repair, so that the same had to be replaced by another heater at a cost of $238.87; that defendant knew at the time of the execution of the contract and of the delivery of the deed that the heater was in defective condition and incapable of use, and her fraudulent representations and fraudulant concealment of the condition of the heater were made to induce the contract of sale, and that thereby plaintiffs were induced to conclude the contract; that, after the discovery of the defects in the heater, plaintiffs notified the defendant thereof and requested her to live up to her contract to leave the premises in good order, which she refused to do.  All of these latter allegations, except as to the request and refusal last mentioned, were put in issue by denial or allegation of lack of knowledge.

At the conclusion of plaintiffs' evidence the court granted a nonsuit, and later denied a motion to set the same aside, and from the action of the court plaintiffs appeal.

James T. Colvin, one of the plaintiffs, testified that on March 28th, 1918, he visited the premises with his wife, his mother and William J. Davis, a real-estate agent employed by the defendant, and there met the defendant, and inspected the house with a view of purchasing it; that after inspecting the other parts of the house, the party visited the cellar especially to examine the heater, and that Davis struck a match and looked into the heater which was without a fire, cold and full of ashes, and that no defects were visible; that after coming upstairs he inquired of Davis regarding the

heater, "and he asked Mrs. Delaney if she knew the condition of the heater, and she said nothing, she made no reply whatever. . . . Then I asked Mrs. Delaney myself, and she answered in this manner, 'As far as I know, the heater is in good condition.'" Colvin further testified that he observed that defendant was getting heat by using oil heaters, and the ceilings were all smoked as though used for some time; that there was one lighted in the dining-room and one in the kitchen. He testified that he next met defendant three or four days later in Davis' office where the contract was drawn up and executed, and that before he signed it he again asked defendant if the heater was in good condition and she replied, "As far as I know the heater is in good condition." Colvin was accompanied also at this time by his wife and mother, and Davis was present. He testified that later in the course of the interview at the office he addressed to the defendant the question, "Are you sure about the heater?" and she answered, "So far as I know the heater is in good condition," and that he took her word for it and was thereby induced to purchase the place. He also testified that he moved into the house about May 1st, and in September of that year he turned the water into the heater, and that it poured out from all three sections of the boiler, which leaked like a sieve; that he had the heater examined by a Mr. Cranick, a steam-fitter employed by Charles Andrews, a heating contractor, who afterward attended to the installation of a new boiler, and made other repairs in connection therewith, all at an expense of $238.87. He also testified that upon discovering the condition of the heater he called in company with his mother upon defendant at her residence and requested her to make good the defective heater, or to help pay for fixing the same, which defendant declined to do, saying that she had lost

enough money, and had had trouble ever since she was there; that during this interview the defendant's son was present, and he there made the statement that during the winter he went downstairs to start a fire, and that there was an explosion in the house that nearly killed the whole family.

The testimony of Colvin was corroborated in detail as to the various conversations with the defendant and the conditions observed at the house by his mother and wife, except that the wife was not present at the conversation in September. The mother testified that when defendant's son spoke of the explosion in her presence, defendant made no denial of the statement, or any remark whatever.

Cranick, the steam-fitter, testified that he found the boiler split open, defective pipes in the cellar, also some pipes frozen and broken, and likewise some of the radiators upstairs, and that the substitution of another boiler would cost less than repairs upon the one examined and tested by him, and that in his opinion the condition of the boiler was caused by freezing.

It was contended by the defendant upon the motion for a nonsuit that the words used by her regarding the heater were merely the expression of an opinion, and that the use of the words "so far as I know" made it such, and further that there is nothing in the evidence to show that she did know the condition of the heater. These views were adopted by the trial court, and are urged before us, as sufficient reasons for granting the nonsuit. The trial court ignored the well known rule of law that not only representations of facts known to be untrue, but also those recklessly made by one who is in a position to know the exact truth, and where from knowledge of the other party of such position he is naturally induced to take the representations at their full value as statements of fact, are fraudulent. Full and ade-

quate means of knowledge ordinarily are in law equivalent to knowledge.

In *Scholfield Gear & Pulley Co. v. Scholfield*, 71 Conn. 1, 19, 40 Atl. 1046, this court said: "In matters susceptible of actual knowledge, if the party who has and is known to have the best means of knowledge, makes an affirmation contrary to the truth, in order to secure some benefit to himself, the law treats him as stating that he knows that whereof he affirms, . . . although he spoke in ignorance of the facts; because he asserts that he knows what he does not know." This statement of law is quoted with approval in *Water Commissioners v. Robbins*, 82 Conn. 623, 644, 74 Atl. 938, is supported by numerous other cases in Connecticut, and may be said to be elementary. The plaintiffs further contend and properly contend that the facts surrounding the transaction as appear in the evidence are such as to justify a finding by the jury that defendant did in fact know the condition of the heater. The testimony showed that the heater was not in use and was full of ashes and that oil stoves were in use for heating the house, and that there were smoke stains upon the ceiling indicating that such use had existed for some time. The defendant was the owner of the house and lived there, she knew why she was using that method of heating in preference to employing the heater for that purpose. The testimony of the steam-fitter to the very complete dilapidation of the heater and its appurtenances is such as to suggest a reasonable inference that the state of disrepair had existed for a considerable time. The jury should also have been allowed to consider the failure of defendant to say anything when her son stated in her presence the fact of a serious explosion during the winter. The occasion called for something in the way of affirmation or denial from her. The plaintiff, Colvin, was asking

Colvin *v.* Delaney.

her to assume or at least to contribute toward the expense of replacing the heater, and was claiming (whether rightly or wrongly is not material) that she was by her contract bound to do so. The occasion called for some notice by her of the assertion in her presence of a fact highly significant as bearing upon her knowledge of the condition of the heater. The claim cannot be brushed aside by the suggestion of defendant's counsel, apparently also favored by the trial court, that she might have been away from home or asleep. The explosion, if it occurred, affected a very important instrumentality of comfortable housekeeping and could not have failed to come to her notice.

The plaintiffs were entitled to have their case presented to the jury, since upon the testimony it might reasonably have found a fraudulent representation on the part of defendant, treating the testimony adduced by plaintiffs in the most favorable aspect of which it was reasonably susceptible, "strengthened by every favorable inference of fact that might reasonably be drawn from it;" *Baggish* v. *Offengand,* 97 Conn. 312, 320, 116 Atl. 614; *Duff* v. *Husted,* 95 Conn. 206, 207, 111 Atl. 186; "though it might in the opinion of the court be a weak one." *Girard* v. *Grosvenordale Co.,* 83 Conn. 20, 25, 74 Atl. 1126; *Fritz* v. *Gaudet,* 101 Conn. 52, 53, 124 Atl. 841.

Although there is considerable discussion in the briefs of counsel on both sides of questions of warranty, express or implied, the complaint was evidently framed upon a claim of fraud and the evidence largely adduced under that issue, and disposed of by the trial court upon that view. We have therefore not discussed the other questions raised in argument.

There is error and a new trial is ordered.

In this opinion the other judges concurred.