HARRISON HOYT *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A motion for a nonsuit should not be granted if the evidence, treated in the most favorable aspect of which it is reasonably susceptible and strengthened by every inference of fact that may legitimately be drawn from it, would reasonably justify the jury in finding the issues for the plaintiff.

The plaintiff offered evidence to prove that as his wife was driving his automobile in a southerly direction at a street intersection, she looked "a reasonable distance both ways," neither saw nor heard any traffic approaching, and proceeded across the intersection at a speed of from ten to fifteen miles per hour to a point where the front of her car had passed over both of two trolley tracks, when she was struck by the defendant's trolley car traveling in an easterly direction upon the southerly track, with such force that her car was pushed over to and against the curb at the southeasterly corner and extensively damaged. *Held:*

1. That the jury might reasonably have found that the plaintiff's wife reached and entered the intersection under such circumstances that, had she seen the trolley car, she would have had no occasion to believe that she could not proceed without risk of collision; and that she, therefore, had the right of way and was entitled to assume that the defendant's motorman would grant it to her.

2. That reasonable inferences might be drawn, first, that the motorman gave no signal and, second, that he was operating the trolley car at excessive speed and without maintaining proper lookout and control.

3. That the issues of negligence and contributory negligence should have been submitted to the jury and were improperly removed from their consideration by means of a nonsuit.

Argued November 1st—decided December 12th, 1927.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Buckley, Acting-Judge;* the trial court nonsuited the plaintiff and from the denial of his motion to set aside the judgment entered thereon, the plaintiff appealed. *Error and new trial ordered.*

*Thomas R. Robinson* and *Daniel L. O'Neill,* for the appellant (plaintiff).

*Richard S. Swain* and *Bradford Boardman,* for the appellee (defendant).

HINMAN, J. The plaintiff was entitled to have his case presented to the jury, and should not have been nonsuited, if, treating the testimony adduced by him in the most favorable aspect of which it was reasonably susceptible, and strengthened by every favorable inference of fact that might legitimately be drawn from it, it might reasonably have been found that the defendant's servant was negligent in any respect alleged in the complaint, that such negligence was the proximate cause of the injury to plaintiff's car, and that plaintiff was free from contributory negligence. *Colvin* v. *Delaney,* 101 Conn. 73, 79, 124 Atl. 841; *Fritz* v. *Gaudet,* 101 Conn. 52, 124 Atl. 841.

The collision under inquiry occurred in the intersection of Iranistan and Fairfield avenues in Bridgeport. The plaintiff's wife, who was driving his car, testified that, after stopping a short block north of Fairfield Avenue to take in a passenger, she drove southerly on the right-hand side of Iranistan Avenue; that before crossing Fairfield Avenue she looked to the right and left "a reasonable distance both ways"

and seeing no traffic approaching from either direction proceeded at between ten and fifteen miles per hour; that when she had progressed so far across the street that the front of the automobile had passed over both of two trolley tracks running east and west in Fairfield Avenue, the rear of the automobile was struck by an eastbound trolley car, traveling on the southerly track, with such force that the automobile was pushed across to and against the curb at the southeasterly corner of the intersection. The body of the automobile was dented, the top smashed, all the windows broken, the rear wheels thrown out of line, and other damage inflicted. The witness stated that she had not seen the trolley car or heard any bell or other warning of its approach. On cross-examination as to the distance to the right and left which she looked before crossing, she replied, "What would be a margin of safety," was unable to state the distance in feet, but that it was more than the width of Fairfield Avenue. Her testimony was in part corroborated by another occupant of plaintiff's automobile. There was no direct evidence as to the position or movements of the trolley car prior to the moment of its impact with the automobile.

The plaintiff claimed that the evidence established facts and a physical situation affording a basis for logical inferences supporting at least several of his allegations of negligence, which of course, under the above-stated rule as to such inferences, would be sufficient at least to protect him from nonsuit. The defendant, on the other hand, maintains that the evidence leaves the plaintiff's right of recovery entirely dependent upon an inadmissible resort to speculation and surmise. *Simauskas* v. *Connecticut Co.*, 102 Conn. 61, 66, 127 Atl. 918; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 71 Atl. 553.

The first allegation of negligence relied upon is failure to grant the right of way to the plaintiff's car although it preceded the trolley car into the intersection. The distance traveled by the two vehicles, respectively, within the intersection, to reach the point of collision, is such as not only to permit but compel the inference that plaintiff's car entered it first, and by a considerable margin, and to justify an inference that the driver, had she seen the approaching trolley car, would have had no reason to believe, as she approached, entered and was proceeding through the intersection, that she must stop her car to avoid collision with the defendant's car. If so, the plaintiff's car had the right of way, and the driver would have had the right to assume that the defendant would grant her such right of way and would have its car under such control that she, while in the exercise of reasonable care, could proceed through the intersection without danger from collision therewith. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725, and cases cited.

The distance which the plaintiff's car was pushed and turned and the extent of damage to it afford some basis for reasonable inferences bearing upon the allegations as to speed and lack of lookout and control. The uncontradicted evidence of plaintiff's driver and her passenger, that neither heard any warning signal, is sufficient basis for an inference that no such signal was given.

As to whether or not the plaintiff's driver was free from contributory negligence, the evidence of her conduct preceding the collision, both as to looking for approaching traffic and in other respects, was direct and detailed, as above outlined. Application of the appropriate test—whether she did or failed to do what a reasonable person would have done in the same circumstances—was for the jury, and neither the trial

court nor this court can substitute its judgment for theirs. *Perry* v. *Haritos,* 100 Conn. 476, 480, 124 Atl. 44; *Russell* v. *Vergason,* 95 Conn. 431, 435, 111 Atl. 625. The same is true as to whether any conduct of the defendant's servant which may properly be inferred from the evidence of record, constituted negligence. *Lose* v. *Fitzgerald,* 105 Conn. 247, 135 Atl. 42; *Perry* v. *Haritos,* 100 Conn. 476, 480, 124 Atl. 44; *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 21 Atl. 675, 22 id. 544.

We therefore conclude that this record does not present one of those relatively rare instances in which a plaintiff's case is so devoid of testimony affording any evidence or logical and permissible inference as to a point or points essential to a recovery, as to warrant the trial court in taking it from the jury by means of a nonsuit.

There is error and a new trial is ordered.

In this opinion the other judges concurred.