Louis Catania *v.* Henry Conforte et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued May 5—decided June 4, 1943.

*Benjamin M. Chapnick,* for the appellants (defendants).

*Nathan A. Resnik,* with whom, on the brief, was *Louis Scherban,* for the appellee (plaintiff).

BROWN, J. In this action the plaintiff had judgment against the defendants for damages resulting from a collision, which occurred on the afternoon of July 14, 1941, in the junction of Norton Parkway and Moreland Road in New Haven, between the plaintiff's car and that of the defendant Mary Conforte driven by the named defendant as her agent. The defendants' appeal attacks the court's findings and conclusions. Norton Parkway, which runs north and south, consists of a central esplanade twenty-three feet wide covered with grass and shrubbery, lying between roadways each twenty-five feet in width. Moreland Road, which runs east and west, is thirty-six feet seven inches wide and intersects Norton Parkway at right angles. The edges of all of the roadways are curbed and the esplanade terminates ten feet seven inches north of the northerly curb line of Moreland Road extended. The collision occurred near the center of the intersection of the westerly roadway of the Parkway and Moreland Road as the plaintiff's car was proceeding southerly on the former and the defendants' westerly on the latter. The gist of the court's decisive conclusions, which support its judgment, is that the plaintiff had the right of way under the statute and that the defendant driver's negligence in violating it was the sole cause of the collision.

The court found these further material facts: As the plaintiff approached the intersection from the north he reduced his previous speed of from fifteen to twenty miles per hour and, shifting to second gear, proceeded through at the rate of eight miles with his left wheels on a course seven feet eight inches west of the line of the east curb of the westerly roadway. As he arrived at the south end of the esplanade, where a view of Moreland Road to his left was first obtainable, he saw the defendants' car approaching from his

left at a distance of from one hundred to one hundred and fifty feet away. When the rear of the plaintiff's car had reached a point about halfway across Moreland Road, its left rear mudguard was struck by the left front part of the defendants' car, sending the plaintiff's car out of control and causing the damage complained of. While the plaintiff was proceeding as above stated, the named defendant, who could have stopped his car, going at twenty-four miles per hour, within seventeen feet, proceeded into and through the intersection at a speed in excess of twenty-five miles per hour which at the instant of impact had been reduced to ten or twelve, producing skid marks thirty-five feet four inches in length. The plaintiff was warranted in believing that the defendant would grant him the right of way, which was his under the circumstances.

The fundamental contention relied upon in the defendants' brief is that in view of the court's finding as to the extent of their skid marks just recited, and of the further fact that these "commenced at a point twenty feet west of the easterly curb line of the northbound lane of Norton Parkway, no other reasonable conclusion can be reached than that the defendant was already twenty feet within the intersection" before the plaintiff entered it. Even assuming to be correct their claim that the area of Moreland Road between the most easterly and most westerly curb lines of Norton Parkway constituted a single intersection, their contention cannot be sustained. It could only be supported upon the assumption that the named defendant applied his brakes at the instant the plaintiff's car first came into view. The relative speeds, distances traveled and other facts found by the court indicate that on the contrary this was not the fact, but instead that the named defendant, proceeding at excessive

speed as he did, entered the intersection after the plaintiff's car was already well within it, and that his subsequent attempt to stop which caused the skid marks was unavailing because too late. The situation appears to have been well summed up by his admission in evidence that the accident was his fault as he was going too fast, thirty-five miles per hour, and could not stop.

The defendants' assignments of error constitute a wholesale attack upon the court's finding which is not subject to correction in any material respect. This attempt to substitute the draft finding for the major part of the finding as made is a method which, as we have repeatedly observed, does not commend itself. *K. B. Noble Co.* v. *Popielarczyk,* 125 Conn. 699, 701, 8 Atl. (2d) 33. Particularly is this so where, as here, there was a clear conflict of testimony as to many of the corrections sought.

The trial court could properly have concluded that the named defendant could not reasonably have believed that he could have crossed in safety in front of the plaintiff's car, and that the plaintiff had, therefore, the right of way, justifying him in conducting himself accordingly. *Jackson* v. *Brown,* 106 Conn. 143, 146, 137 Atl. 725; *Brangi* v. *Marshall,* 117 Conn. 675, 676, 168 Atl. 21; *Mathis* v. *Bzdula,* 122 Conn. 202, 204, 188 Atl. 264; *Alderman* v. *Kelly,* 130 Conn. 98, 100, 32 Atl. (2d) 66.

There is no error.

In this opinion the other judges concurred.