S. B. PENICK & COMPANY, PLAINTIFF-RESPONDENT, v. TRIPLE "M" TRANSPORTATION CO., A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 5, 1943—Decided December 28, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Herbert I. Levine* and *Abraham Lieberman.*

For the defendant-appellant, *James Rosen* and *Adolph Abramowitz.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment in the amount of $341.85 awarded against the defendant and in favor of the plaintiff by the judge of the First Judicial District Court of the County of Hudson sitting without a jury. The suit was to recover the sum of $341.85 on an alleged breach of contract by the defendant, a carrier, in delivering a shipment intrusted to it by the plaintiff and accepting a postdated check contrary to the contractual provision that the delivery

was to be "C. O. D. $341.85." It appears from the proofs that the terms of shipment would have been met had the payment been by bank check of current date but were not met by the acceptance of a postdated check.

The corporate consignee at delivery, on or about February 18th, 1941, gave to the carrier its check postdated March 13th, 1941. On February 26th, 1941, the general manager of the defendant company telephoned to the shipper and, according to his testimony, explained the entire circumstance, called attention to the date on the check, asked whether he should return the check to the consignee "and get another check, which would take another week or possibly ten days" or forward the postdated check to the shipper and was instructed to "send it in" to the shipper, a direction with which the carrier complied. The shipper received the check and had it in possession when, on March 5th, 1941, the consignee went into bankruptcy and the check, as well as the claim upon which it was given, became worthless.

Appellant's brief argues two points, of which the first is that the trial court erred in denying defendant's motion for a nonsuit at the close of plaintiff's case, and the second is that the court erred in refusing to grant defendant's motion for a judgment in favor of the defendant and against the plaintiff at the close of the trial. These points may be considered as one. The refusal to nonsuit for failure of proof is not error leading to a reversal if adequate proof was afterward supplied by either party in the progress of the trial. *Layden v. Goodyear Tire and Rubber Co., Inc.,* 129 *N. J. L.* 54.

When a carrier makes a contract to collect on delivery, it stands with reference to it just as any other agent and for breach of its duty in the collection of the price is liable for whatever it would have collected if the duty had been fulfilled, *Joseph Mogul, Inc., v. C. Lewis Lavine, Inc.,* 247 *N. Y.* 20; 159 *N. E. Rep.* 708; although the shipper may waive its rights by an unqualified acceptance of that which the carrier has taken in lieu of money or of that which it was authorized to receive, *Rathbun* v. *Citizens' Steamboat Co.,* 76 *N. Y.* 376. The cases on the subject are reviewed in 13 *C. J. S.* at *p.* 382, *tit.* "Carriers," § 186, and 57 *A. L. R.* 937.

It is the contention of the appellant that the subsequent instructions given by the shipper with respect to the post-dated check constituted a waiver in law of the carrier's duty under the shipping contract to collect on delivery either by cash or by check of current date. For the purpose of the argument it may be assumed that that would be so if, as appellant further argues, the proof presented by the defendant at the trial was not controverted; but the answer to the argument is that there was contradictory proof. The shipper's representative with whom the carrier's general manager had the conversation and from whom the latter says he received the subsequent instructions testified without objection that her responses to the inquiry were "We will put it [the post-dated check] through, but we will not be responsible * * *," and further "we would accept it without any responsibility on our part." Thus, there was a fact question for settlement by the trial court as to the arrangement upon which the check, accepted by the carrier contrary to instructions, was forwarded to and retained by the shipper. The fact was ultimately resolved, as we must assume, against the defendant. It was within the field of the judge, sitting without a jury, to find that there was not an unqualified acceptance of the postdated check by the shipper but that, on the contrary, the acceptance was limited by the condition that while the shipper would receive and bank the check it would do so only upon the understanding that it assumed no responsibility for the collection in that procedure, and that the carrier, having let the goods go from its possession and being under the obligation to produce either the goods or the money, elected to take the chance that the check would be paid to the shipper when due.

The judgment below will be affirmed, with costs.