FRANCES PIZZARELLO *v.* HUGH C. SHELDON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and INGLIS, Js.

Argued February 2—decided March 10, 1944.

*Lorin W. Willis,* for the appellants (defendants).

*Charles N. Wexler,* with whom, on the brief, was *George E. Wexler,* for the appellee (plaintiff).

PER CURIAM. This action arose out of a collision between two automobiles within the intersection of Hubbard Avenue and Bridge Street in Stamford, and resulted in a judgment for the plaintiff. The appeal does not question the correctness of the trial court's conclusion that the defendant driver was negligent. The only claim is that the plaintiff was guilty of con-

tributory negligence as a matter of law in that she failed to grant the statutory right of way to the motor vehicle of the defendants, which was approaching the intersection on the right of her car.

The following findings made by the trial court have not been attacked. The plaintiff was driving north on Hubbard Avenue on a clear day at a speed of twenty-five miles an hour. When she reached a point close to the intersection of Bridge Street she brought her car to a stop, although there was no stop sign there, and looked both to her right and her left along Bridge Street, but saw no traffic upon it. Her view was unobstructed in both directions. She then proceeded slowly across the intersection, and 90 per cent of her car had passed out of it when the right rear of her automobile was struck by the right front of the defendants' car, which had been proceeding westerly along Bridge Street. The plaintiff did not see the defendants' car at any time before the collision took place. The plaintiff's car had entered the intersection first.

The court further found that when the operator of the defendants' car was upwards of two hundred feet from the intersection he saw the plaintiff's car as it was about to enter the intersection at a slow rate of speed. A principal assignment of error is directed at this finding, and the defendants concede that unless it can be corrected in vital respects they cannot prevail upon their appeal. We cannot make changes which would materially affect the result.

It is true that the test is not which car actually entered the intersection first. *McNaught v. Smith*, 127 Conn. 450, 453, 17 Atl. (2d) 771. However, the evidence that the plaintiff brought her car to a stop, looked to the right and left on Bridge Street, saw no traffic upon it, and then proceeded slowly across

the intersection warranted the court's implied conclusion that the reasonably prudent person in the plaintiff's situation would have no reasonable apprehension of collision with a car approaching from the right. The test is such reasonable apprehension of collision. *Hall* v. *Root,* 109 Conn. 33, 37, 145 Atl. 36; *Carlin* v. *Haas,* 126 Conn. 8, 12, 8 Atl. (2d) 530; *Kleps* v. *Dworkin,* 127 Conn. 648, 651, 19 Atl. (2d) 421; *Catania* v. *Conforte,* 130 Conn. 178, 181, 32 Atl. (2d) 646. The correctness of the court's conclusion becomes more apparent in view of further findings, not subject to correction, that the defendants' driver estimated his speed as he approached the intersection to be thirty miles an hour, that he took no steps prior to the collision materially to reduce the speed up to the time of impact and did nothing to avoid the accident except to turn his car slightly to his left when collision was imminent, and that after the collision his car continued on Bridge Street and came to a stop against its north curb sixty-five feet west of the point of impact.

Under the circumstances of this case the plaintiff's failure to see the defendants' car until the moment of impact did not make her guilty of contributory negligence as a matter of law. *Hoyt* v. *Connecticut Co.,* 107 Conn. 160, 139 Atl. 647; *Callahan* v. *Grady,* 125 Conn. 733, 7 Atl. (2d) 225; *Alderman* v. *Kelly,* 130 Conn. 98, 100, 32 Atl. (2d) 66.

There is no error.