THE BOND RUBBER CORPORATION *v.* OATES BROTHERS, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 6—decided December 13, 1949.

*Charles G. Albom* and *Catherine Roraback,* with whom, on the brief, was *Harry Lander,* for the appellant (plaintiff).

*William F. Healey,* with whom, on the brief, was *Edward J. Donahue,* for the appellee (defendant).

ELLS, J.   The plaintiff brought this action against the defendant, a trucking company, to recover damages for the alleged violation by the latter of its duty properly to collect the price of three C. O. D. shipments. Judgment was for the defendant and the plaintiff has appealed.

The assignments of error which attack the finding made by the trial court have not been pursued in the plaintiff's brief, and we do not consider them.   The pertinent facts may be summarized.   The plaintiff, a Connecticut corporation, operates a manufacturing plant at Derby.   The defendant, a common carrier by motor truck, has its office and place of business about three miles distant, in the town of Shelton.   On September 12 and 16, 1947, the plaintiff turned over to the defendant two C. O. D. shipments of merchandise for delivery to a customer in New York.   On September 17, the defendant delivered both shipments and accepted an uncertified check drawn on the consignee's

bank in New York City and made out to the order of the plaintiff. The check was dated September 19. A similar delivery was made on September 22 and the driver accepted an uncertified check dated September 26 and payable to the order of the plaintiff. The defendant mailed each check to the plaintiff on the day following its receipt. Attached to each check was a C. O. D. remittance slip showing the date of delivery. With the knowledge of the plaintiff, its bookkeeper marked the account as "Paid" and deposited the checks in the bank in the ordinary course of business, the first on September 23 and the second on September 26. The first C. O. D. remittance slip was receipted by the plaintiff as of September 23 and mailed to the defendant, who received it on September 24; the second one was receipted by the plaintiff without date and mailed to the defendant, who received it on September 27. Both checks were returned to the plaintiff as unpaid because of insufficient funds and duly protested. On a number of occasions prior to the shipments in question, and in one instance thereafter, the plaintiff accepted from this same consignee uncertified checks which the defendant had taken in payment of C. O. D. shipments.

The finding contains further facts, but they relate to the attempt made by the plaintiff to collect from the consignee and are not germane to the specific issue decisive of the appeal, except as it is found that the parties first discovered that the checks were postdated as the result of a criminal proceeding in New York instigated by the president of the plaintiff.

The defendant concedes that under the C. O. D. bills of lading it was required by regulations of the Interstate Commerce Commission to collect cash or obtain certified checks, but it contends that the trial court was not in error in concluding that the plaintiff, by its unqualified acceptance of the uncertified checks, waived

the requirement and ratified the acts of the defendant in accepting them.

A carrier receiving merchandise on a C. O. D. shipment acts as bailee to transport the goods and as agent to collect the price; if it fails to carry and deliver the goods to the person and on the conditions stated by the shipper, it is liable as a bailee; for breach of its duty to act as agent for the shipper in the collection of the price, it is liable for whatever loss has resulted from its failure to perform its duty to collect. *Mogul, Inc.* v. *Lavine, Inc.,* 247 N. Y. 20, 22, 159 N. E. 708. The present case involves an agency, and the trial court concluded that the plaintiff ratified the acts of the defendant in accepting uncertified checks. "The acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances, is a ratification." *Ansonia* v. *Cooper,* 64 Conn. 536, 544, 30 A. 760; *Cyclone Fence Co.* v. *McAviney,* 121 Conn. 656, 661, 186 A. 635. "A question of intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which cannot reasonably be made." *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 162, 90 A. 228; *McDermott* v. *McDermott,* 97 Conn. 31, 35, 115 A. 638.

The plaintiff unconditionally accepted the two checks, and knew, or was charged with knowledge, that they were uncertified. Before entering "Paid" against the account, the bookkeeper must have looked at the checks to verify the amount at least. Certifications of checks are not hidden. Their very purpose requires that they be clearly so marked. The bookkeeper, as a reasonable person, could not fail to notice that the checks were not certified. Her knowledge was the knowledge of the plaintiff.

In *Rathbun* v. *Citizens' Steamboat Co.,* 76 N. Y. 376,

upon facts essentially the same as those of the present case, the court decided (p. 380) that the "plaintiffs adopted and ratified the act of the carrier, by the unqualified acceptance of the check." In the present case, the trial court's conclusion to the same effect cannot be disturbed.

In its brief, the plaintiff stresses the claim that it did not have full knowledge of all the material circumstances because it did not know that the checks were postdated, and therefore that a vital element required for ratification was not present. It is true that the trial court, after reciting an attempt by the plaintiff to have criminal proceedings brought in New York against the consignee, the drawer of the checks, found that the parties then discovered for the first time that the checks were postdated. The court evidently meant actual knowledge. The finding plainly shows that the plaintiff had imputed knowledge, for each check was accompanied by a delivery slip showing the date of delivery; so the fact that the checks were postdated must have been evident to the bookkeeper. " '. . . where one has sufficient information to lead him to the knowledge of a fact he should be deemed to be cognizant of such fact.' " *Bay State Milling Co.* v. *Susman, Feuer Co.,* 91 Conn. 482, 490, 100 A. 19. "Full and adequate means of knowledge ordinarily are in law equivalent to knowledge." *Colvin* v. *Delaney,* 101 Conn. 73, 77, 124 A. 841; *Myers* v. *Burke,* 120 Conn. 69, 75, 179 A. 88.

The question before us concerns the fact that the checks were not certified. We fail to see that the fact that they were postdated was material to that issue. The plaintiff might have been quite willing to accept checks postdated two or three days but unwilling to accept uncertified checks. There is no finding that the plaintiff suffered damage by reason of the postdating

of the checks, nor does it appear whether the drawer had funds in the bank at the time they were drawn or not. Practically, the postdating became wholly immaterial. The first delivery was made September 17; the check was dated September 19; the check was mailed at Shelton to the plaintiff in a neighboring town on September 18; and it was deposited by the plaintiff on September 23. The second delivery was made on September 22; the check was dated September 26; it was mailed to the plaintiff on September 23; and it was deposited by the plaintiff on September 26. In short, the checks were not deposited until the time when they were dated; and their postdating could have made no difference whatsoever in their not being paid.

We cannot find error in the conclusion of the trial court that the plaintiff ratified the acceptance by the defendant of the uncertified checks.

There is no error.

In this opinion the other judges concurred.