348 A.2d 373.

CROWN DISPLAYS, INC. *vs.* CALORE FREIGHT SYSTEM, INC.

DECEMBER 8, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is an action for damages brought by a shipper against a carrier because the carrier failed to collect the cash before it delivered the goods to the consignee. The carrier is before us appealing the grant by the Superior Court of the shipper's motion for a summary judgment.

On March 20, 1972 in Providence, plaintiff delivered to the carrier with c.o.d. instructions a motorized termite display unit which was to be delivered to an exterminating company located in Glenside, Pennsylvania. Delivery was made on March 28, 1972, but no cash was paid. Some 3 weeks later when the carrier's agent sought the cash, the customer refused to pay stating the display's motor was not working. The carrier took the display unit back from the consignee and brought it back to its Rhode Island terminal where it apparently now remains.

In challenging the trial justice's award of the summary judgment, the carrier claims that the c.o.d. transaction was subject to the condition that the consignee would in-

spect the goods before making payment. While the carrier's theory of conditional delivery might carry the day in some circumstances, it has no applicability to the undisputed record presented to the trial justice.

The rule of law applicable to the resolving of the present controversy was well stated by Justice Cardozo when as Chief Judge of the New York Court of Appeals he pointed out that a carrier who received merchandise on a c.o.d. contract operates in a dual capacity—as a bailee to transport the goods and as the consignor's agent to collect the price from the consignee—and that for breach of its duty to collect, it is liable like any other collection agent for whatever could have been collected if its duty had been fulfilled. *Joseph Mogul, Inc.* v. *C. Lewis Lavine, Inc.,* 247 N. Y. 20, 22, 159 N.E. 708, 709 (1928); *accord, Bond Rubber Corp.* v. *Oates Bros.,* 136 Conn. 248, 70 A.2d 115 (1949); *Young* v. *Santa Fe Trail Transp. Co.,* 179 Kan. 678, 298 P.2d 235 (1956); *Barnhart* v. *Henderson,* 147 Neb. 689, 24 N.W.2d 854 (1947); *Herrin Transp. Co.* v. *Robert E. Olson Co.,* 325 S.W.2d 826 (Tex. Civ. App. 1959); Annot., 27 A.L.R.3d 1320 (1969). Since a carrier is under no duty to act as a collection agent, a c.o.d. shipment is a special service which arises by way of a special contract. The very policy behind a c.o.d. shipment is the assurance that a carrier cannot make an absolute delivery without collecting, thereby leaving the shipper to seek recourse against the consignee. *National Van Lines, Inc.* v. *Rich Plan Corp.,* 385 F.2d 800, 803 (5th Cir. 1967). Some courts have ruled that the consignee is entitled to have a reasonable opportunity to inspect the goods before paying for them but others have denied the consignee this

opportunity.[1] See Dobie, *Bailments & Carriers* §143 at 429-30 & n. 74-78 (1914).

The record indicates that the unit was received by the consignee on March 28, 1972. The carrier's controller gave a deposition in which he declared that there was no doubt that the unit was shipped pursuant to an order that required the carrier to obtain the money before it made a final delivery of the goods. The carrier's chief executive also was examined by way of a deposition. He testified that after delivery no attempt was made to collect the money due plaintiff until some time around April 21, 1972. There is absolutely nothing in the record which indicates that the carrier made its payless delivery because the consignee wanted time to inspect before it paid the price called for in the contract. Indeed, a delivery receipt which is dated March 28, 1972 and signed by the consignee's agent indicates that an inspection was held and the shipment was "received in good order." Additionally, in its affidavit of defense defendant concedes that the March 28 delivery was erroneously made.

The record in this case establishes the indisputable fact that the defendant carrier gave the consignee complete control, supervision and custody of the unit without obtaining the cash due the plaintiff and in consequence thereof the plaintiff is entitled to recover as damages whatever the defendant would have collected if it had properly performed its duty as a collector. This is the measure of damages called for in the *Mogul* case and other jurisdic-

---

[1]In its brief the plaintiff makes a passing reference to G. L. 1956 (1969 Reenactment) §6A-2-513(3)(a). This portion of the Uniform Commercial Code provides that a buyer receiving goods on c.o.d. is barred from making an inspection unless there is an agreement to the contrary or unless the goods are subject to a contract where the quoted price includes the cost of the goods, insurance, and freight. There is no necessity to determine the applicability, if any, of the code to the March 1972 delivery.

tions listed in the annotation previously cited, including *S. B. Penick & Co.* v. *Triple "M" Transp. Co.*, 131 N.J.L. 114, 34 A.2d 898 (Sup. Ct. 1943). The trial justice properly ordered the entry of judgment[2] requiring the defendant to pay the price stipulated in the c.o.d. contract.

The defendant's appeal is denied and dismissed.

Mr. Chief Justice Roberts did not participate.

---

[2]We should point out that the plaintiff initiated this action in the District Court. There the plaintiff prevailed and the defendant took an appeal to the Superior Court where the controversy was heard de novo. G. L. 1956 (1969 Reenactment) §9-12-10.

*Letts, Quinn & Licht, Jerome B. Spunt,* for plaintiff.

*John Quattrocchi, Jr.,* for defendant.