**MOUNTAIN STATES WATERBED DISTRIBUTORS, INC., a Colorado Corporation, Plaintiff-Appellee,**

v.

**O.N.C. FREIGHT SYSTEMS CORPORATION, a California Corporation, Defendant-Appellant.**

No. 79CA1081.

Colorado Court of Appeals, Div. I.

July 3, 1980.

Conover, McClearn, Heppenstall & Kearns, P. C., Michael J. Cook, Denver, for plaintiff-appellee.

Stockton & Lewis, Truman A. Stockton, Jr., John H. Lewis, Denver, for defendant-appellant.

VAN CISE, Judge.

This is an action for damages brought by Mountain States Waterbed Distributors, Inc. (the shipper) against O.N.C. Freight Systems Corporation (the carrier) based on the carrier's failure to obtain payment by cashier's check when it delivered the goods to the consignee. Contending that the shipper ratified the action of the carrier, its agent, when the shipper deposited the consignee's check, and that it thereby waived the requirement that the carrier collect a cashier's check, the carrier appeals from a judgment in favor of the shipper. We reverse.

Prior to trial, the parties stipulated to the following facts. The carrier agreed to carry the shipper's goods to Missouri and, pursuant to the bill of lading, to deliver them C.O.D. and only upon receipt of a cashier's check from the consignee. The carrier delivered the goods but, instead of a cashier's check, obtained the consignee's company check. The carrier delivered this check to the shipper, and it endorsed and deposited the check in its bank. The check was dishonored by the consignee's bank for insufficient funds. The shipper subsequently collected $696 from the consignee. It then sued the carrier for the balance of the C.O.D. charges, which amounted to $1,815.

At trial, the shipper's office manager testified that she deposited the consignee's check as "normal office procedure." She stated that she did not notice that it was not a cashier's check, that she had previously handled the carrier's business without any problem, and that the shipper had no system for determining whether checks it received were in conformance with the bill of lading. When the check was returned because of insufficient funds, she consulted the shipper's general manager. The check was redeposited after the general manager had been assured by the consignee that there would be funds to cover it.

The general manager testified that he did not examine his company's records to determine that it had specified payment by cashier's check until after the check had been returned a second time. He then contacted the carrier. He received assurances of help from the carrier in collecting the money from the consignee, and the payments received resulted from the carrier's collection efforts.

■ A C.O.D. shipment imposes upon a carrier the combined duties of bailee to transport the goods and shipper's agent to collect the price from the consignee. A breach of the carrier's duty to act as collection agent under a C.O.D. contract usually renders it liable for whatever would have been collected if the duty had been performed. *Bond Rubber Corp. v. Oates Bros., Inc.*, 136 Conn. 248, 70 A.2d 115 (1949); *Joseph Mogul, Inc. v. C. Lewis Lavine, Inc.*, 247 N.Y. 20, 159 N.E. 708 (1928); *Crown Displays, Inc. v. Calore Freight System, Inc.*, 115 R.I. 483, 348 A.2d 373 (1975); Annot., 27 A.L.R.3d 1320.

■ However, a shipper's unconditional acceptance from a carrier of a form of payment not in conformance with the shipping contract constitutes a ratification of the carrier's act and waives any future claims against the carrier for breach of contract upon subsequent dishonor of the check. *Rathbun v. Citizens' Steamboat Co.*, 76 N.Y. 376, 32 Am.Rep. 321 (1879); *Silver Creations, Ltd. v. United Parcel Service*, 133 N.J.Super. 543, 337 A.2d 641 (1975);

*Bond Rubber Corp. v. Oates Bros., Inc.*, supra; Annot., 27 A.L.R.3d 1320. In such circumstances, knowledge of all material facts is indispensable in order to bind the principal by ratification. *Nunnally v. Hilderman*, 150 Colo. 363, 373 P.2d 940 (1962); *Rathbun v. Citizens' Steamboat Co.*, supra.

In the instant case, the court erred in finding that the shipper lacked full knowledge of the pertinent facts and hence did not ratify the carrier's act. While we recognize that ratification and waiver are generally questions of fact, see *Fenimore v. Stauder*, 34 Colo.App. 309, 527 P.2d 943 (1974), they become questions of law, whereas here, the facts are uncontested and clearly established. See *Widman v. Barry*, 63 Colo. 427, 168 P. 31 (1917); see also *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

In *Gordon v. Pettingill*, 105 Colo. 214, 96 P.2d 416 (1939), the court held that full knowledge for purposes of ratification included that knowledge which "reasonable diligence would disclose," and that a principal's lack of knowledge cannot be established by showing that he "was ignorant of facts it was to his interest to know, and which, if awake, he would have known," 105 Colo. at 218, 96 P.2d at 418. See also *Bond Rubber Corp. v. Oates Bros., Inc.*, supra; see generally *Restatement (Second) of Agency § 91*.

Here, the undisputed evidence established that the requirement of payment by cashier's check was imposed by the shipper, and knowledge of this requirement was available to its officers and employees in the shipper's files. Moreover, cashier's or certified checks are clearly marked, and a recipient is charged with knowledge when a check is not a cashier's or certified check. See *Bond Rubber Corp. v. Oates Bros., Inc.*, supra.

■ Furthermore, the shipper's argument at trial that it accepted and transmitted the check in order to mitigate damage is of no avail where, as here, its acceptance was not conditional. See *Rathbun v. Citizens' Steamboat Co.*, supra. Nor do we find any merit in the shipper's attempt to estab-

lish that its agents did not know the legal ramifications of their acts. *See Miller v. Chatsworth Savings Bank*, 203 Iowa 411, 212 N.W. 722 (1927). Under the circumstances, we conclude that the shipper's action constituted ratification as a matter of law.

Judgment reversed and cause remanded with directions to enter judgment for the carrier.

ENOCH, C. J., and COYTE, J., concur.