**PHILIPS INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**MATHEWS, INC., Defendant-Appellee.**

**No. 84CA1361.**

Colorado Court of Appeals,
Div. I.

Nov. 7, 1985.

Machol & Machol, P.C., Carole O'Brien, Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

KELLY, Judge.

This is an action for damages brought by plaintiff, Philips Industries, Inc. (seller), against defendant, Mathews, Inc. (seller's agent), based on the agent's unauthorized sale of seller's merchandise in violation of seller's credit requirements. The trial court ruled that the seller subsequently ratified the unauthorized sales transaction and entered judgment in favor of the agent. The seller appeals, and we affirm.

The material facts are undisputed. The seller is in the plastics manufacturing business, and in February 1982, some of seller's merchandise was held in the agent's warehouse for sale to customers on behalf of seller. In March 1982, the agent sold and shipped $28,874 worth of seller's merchandise to R.W. Distributors (buyer) on credit, in violation of seller's credit policy, which required seller's specific approval of credit sales over $500 prior to shipment.

The trial court found that by the end of March 1982, seller knew about the agent's sale to buyer and knew that this sale was in violation of seller's credit requirements. Seller thereafter billed buyer for the amount due, mailing invoices and statements of account to buyer each month at the end of April, May, June, and July 1982. In July, when payment from buyer was not forthcoming, seller sought payment from the agent based on the agent's violation of seller's credit requirements.

Based upon *Mountain States Waterbed Distributors, Inc. v. O.N.C. Freight Systems Corp.*, 44 Colo.App. 433, 614 P.2d 906 (1980), the trial court ruled that, while the agent's sale to buyer was made in violation of seller's credit requirements, seller had ratified the unauthorized sales transaction by seeking payment from buyer and by failing to tell the agent by early April 1982 that seller was holding the agent responsible for payment.

Seller contends that the trial court's reliance on *Mountain States Waterbed* was misplaced and that this case is factually distinguishable from *Mountain States Waterbed*. Seller argues that it took no action indicating an unconditional acceptance of the unauthorized sale, that it did not have knowledge of all material facts, that it did not waive its claim against the agent, and that the agent should be es-

topped from asserting ratification because seller acted in reliance on the agent's representations. We disagree with these assertions.

In *Mountain States Waterbed, supra,* the seller's agent, in violation of a requirement of seller, obtained a company check (which was later dishonored) from the buyer upon delivery of seller's goods. This court held that the seller ratified the agent's unauthorized act by depositing the company check in its bank, and thereby waived any claim against the agent for the violation. In reaching that conclusion, the court stated that to bind the seller by ratification in such circumstances, the seller must unconditionally accept the unauthorized act, with knowledge of all material facts.

■ Here, the undisputed evidence demonstrated that, after seller knew about the sale and knew that it was unauthorized, seller attempted to collect payment exclusively from buyer for over three months. Moreover, the trial court found, on supporting evidence, that seller would have deposited a check from buyer if buyer had sent one. Also, although seller could have promptly notified the agent that it was holding the agent responsible for payment, and that any collection efforts it might take against buyer would be in mitigation of damages, seller instead waited for over three months for payment from buyer before seeking payment from the agent. Thus, while no check was tendered to seller and deposited in this case as in *Mountain States Waterbed,* we nevertheless agree with the trial court that seller unconditionally accepted the unauthorized sale by exclusively billing buyer for over three months and by failing to hold the agent responsible for payment within a reasonable time.

Furthermore, seller acted with knowledge of the material facts. Since seller admits that it acted with knowledge that the sale was unauthorized and with knowledge that it lacked full information regarding buyer, seller knew those facts necessary to make an intelligent choice whether to become a party to the unauthorized sale. *See* Restatement (Second) of Agency § 91 comment d (1958). Thus, the trial court properly ruled that seller ratified the unauthorized sale, and by so doing, it waived any claim against the agent for violation of seller's credit requirements. *See Mountain States Waterbed Distributors, Inc. v. O.N.C. Freight Systems Corp., supra;* Restatement (Second) of Agency § 416 (1958).

■ The record does not support seller's claim that the agent should be estopped from asserting ratification in this case. Even if, as seller claims, certain representations of the agent influenced seller's actions, the undisputed evidence established that the first representations on which seller claims reliance did not occur until June 1982, well after the time that seller had already ratified.

■ Seller also contends, alternatively, that, even if it ratified the unauthorized sale to buyer, seller is entitled to restitution of all commissions, warehouse fees, and delivery expenses it paid to the agent in connection with the unauthorized sale, arguing that the agent's retention of these sums constitutes unjust enrichment. We disagree.

■ Upon ratification, an unauthorized sale is given effect as if originally authorized, and the agent is entitled to the same rights against the seller as if the sale had been authorized, including the agent's entitlement to its usual commissions, fees, and expenses. *See Hayutin v. Gibbons,* 139 Colo. 262, 338 P.2d 1032 (1959); Restatement (Second) of Agency § 462 comment a, illustration 1 (1958).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.